**William RICKEY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16143.**

United States Court of Appeals
Fifth Circuit.

March 21, 1957.

Rehearing Denied April 22, 1957.

584

Jesse S. Guillot, New Orleans, La., for appellant.

E. E. Talbot, Jr., Asst. U. S. Atty., New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellant, William Rickey, and Sayed Jemal Housen, were charged by a two-count indictment with violating 18 U.S.C.A. § 2314. The first count alleged that the defendants unlawfully trans-ported in interstate commerce, from New Orleans, Louisiana, to New York, New York, a forged and falsely made check, dated February 17, 1956, payable to the order of Sayed Houssein, drawn on the Chase Manhattan Bank, in New York, and signed "Vivian Straebo Claggett, Whitney Phoenix Company, Inc." in the sum of $500.00. The second count is the same except as to the amount of the check, it being for $402.00. The defendants were tried together before a jury and both were found guilty on both counts. This appeal is by Rickey alone.

Housen and Rickey checked in at the Roosevelt Hotel, in New Orleans, on February 14, 1956, and were assigned room number 832 together. On February 17, the bell captain loaned a typewriter to an occupant of room 832 and it was returned the same day. Kathryn Williams, who met the defendants in the Absinthe House on Bourbon Street, in New Orleans, testified that she had dinner with them in their room on the evening of February 17. While waiting for dinner to be served Housen was typing on oblong pieces of paper which she described as "probably a white or beige piece of paper". On the following day Housen called Miss Williams, said they wanted to buy clothing, and she referred them to Amado Rodriguez, of Keller-Zander, New Orleans merchants. Both defendants went to the Keller-Zander store and tried on clothing. Selections were made of two suits and some accessories, having a total price of four hundred fifty odd dollars. Rodriguez thought, but was not sure, that all the clothing was for Housen. Sales slips were made out by Rodriguez. Housen tendered in payment the $500 check described in the first count of the indictment and Rodriguez took Housen to the store's credit manager. Housen identified himself with a charge plate and the credit manager approved the check which Housen endorsed. Some of the goods were picked up at the store by Housen and the rest were delivered to Housen by Rodriguez at the Absinthe Bar where Housen and Rickey were with Miss Williams. Housen was given cash for the

difference between the $500 and the price of the merchandise.

On February 19th, Housen and Rickey checked out of the hotel. In payment of their hotel bill of $282.28 Housen tendered the check for $402 described in the second count of the indictment. It was endorsed by Housen and he received in cash the amount by which the face of the check exceeded the bill.

The checks were on blank draft forms of the Progressive Bank and Trust Company of New Orleans, which has its main office next door to the Roosevelt Hotel. These forms are of a color which is or might be taken for beige. The checks were not drawn by Claggett or anyone authorized to sign for Whitney Phoenix Company, Inc. This firm had no account with the Chase Manhattan Bank. Each of the checks was deposited in a New Orleans Bank, sent through banking channels to New York, presented to the drawee bank which refused payment, and returned to the respective endorsers who received the checks from Housen.

The defendants were apprehended in Houston, Texas, and before being returned to New Orleans, Housen made a statement to agents of the Federal Bureau of Investigation. The Government called one of the agents as a witness to testify as to the statement. The jury was excused and in its absence the agent testified that the statement was voluntary and the court ruled it was admissible. Counsel for Rickey objected to the admission of the statement on the ground of prejudice to his client. The court ruled that the portions of the statement pertaining to Rickey's guilt could not be read. The jury returned. The witness again testified that the statement was voluntarily given. The attorney for Housen then objected to only a part of the statement being used in evidence. The Government did not offer the statement in evidence and the witness was not further questioned.

When the Government rested counsel for Rickey moved for a directed verdict of acquittal on the ground that there was no evidence to show Rickey was guilty of the offense charged. The motion was denied. Rickey tendered no witnesses and offered no evidence.

Housen, represented by counsel other than Rickey's attorney, took the stand and testified that he had been employed by Rickey, that he typed the checks and passed them on to Rickey who later returned them with signatures affixed, that the checks were given to him by Rickey for pay accrued and for advanced pay. He stated that Rickey got one of the two suits and he took the other. He paid the hotel bill, he said, because Rickey had asked him to and promised to reimburse him. Housen testified as to the meeting of the defendants in Miami where Housen was a waiter at least a part of the time.

A verdict of guilty was returned and Rickey was given a two-year sentence. From the judgment and sentence on the verdict Rickey has appealed and urges as grounds for reversal that the checks were not by him transported in interstate commerce, that it was prejudicial error to permit the jury to hear comments as to the statement of Housen which was not offered in evidence, that the motion for acquittal should have been granted and finally, that there was insufficient evidence to warrant conviction.

The portion of the Act under which Rickey was indicted and convicted reads:

"Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities, knowing the same to have been falsely made, forged, altered, or counterfeited;

\* \* \* \* \*

"Shall be fined not more than $10,000 or imprisoned not more than ten years, or both". 18 U.S.C.A. § 2314.

Where forged or fictitious checks are knowingly drawn and cashed in one State, but forwarded to another State and presented to the bank there on which they are drawn and payment is refused, those who participate in the drawing and cash-

ing of such checks do so in violation of the statute. United States v. Sheridan, 329 U.S. 379, 67 S.Ct. 332, 91 L.Ed. 359; Brewer v. United States, 5 Cir., 1955, 224 F.2d 189.

■ We see no prejudice to Rickey in the colloquy regarding Housen's statement. Such statement would not, of course, have been admissible against Rickey, and the trial judge was taking precautions to avoid any prejudice to him. If, as was considered in the absence of the jury, the statement could have been admitted with the portions relating to Rickey excluded, such a course would have been proper. Maupin v. United States, 10 Cir., 1955, 225 F.2d 680; Latses v. United States, 10 Cir., 1930, 45 F.2d 949.

■ The motion for acquittal at the close of the Government's case was properly denied and the evidence was sufficient to sustain the conviction. In the determination of these questions the appellate court passes not on the weight of the evidence but upon the legal question as to whether the verdict of guilt is supported by substantial evidence. Barnes v. United States, 5 Cir., 1951, 192 F.2d 466; Lloyd v. United States, 5 Cir., 1955, 226 F.2d 9; Jencks v. United States, 5 Cir., 1955, 226 F.2d 540; De Luna v. United States, 5 Cir., 1955, 228 F.2d 114. In ascertaining whether there was sufficient evidence we are to consider only the evidence favorable to the government. Masse v. United States, 5 Cir., 1954, 210 F.2d 418, certiorari denied 347 U.S. 962, 74 S.Ct. 711, 98 L.Ed. 1105. The evidence was such as to require denial of the motion for acquittal at. the close of the government's case.

■ The testimony of Housen, Rickey's co-defendant, was regarded by the trial judge as fictitious and perjured. But in many respects it was corroborated by other testimony. A defendant has the right to testify on his own behalf or on behalf of the prosecution and such testimony voluntarily given is admissible against his co-defendant. Rowan v. United States, 5 Cir., 1922, 281 F. 137, certiorari denied 260 U.S. 721, 43 S.Ct.

12, 67 L.Ed. 481; United States v. Haynes, D.C.W.D.Pa.1948, 81 F.Supp. 63, affirmed 3 Cir., 173 F.2d 223. Whether any and, if any, how much of his testimony was to be believed was for the jury.

The situation presented here is much the same as in Brewer v. United States, supra. As the evidence there was sufficient to sustain a conviction, so it is here. The judgment is

Affirmed.