Grovene James **FINLEY**, Webber Heflin Mitchell, David Wendell Goodwin and James Thomas Daniels, Appellants,

v.

**UNITED STATES of America,** Appellee.

No. 17798.

United States Court of Appeals Fifth Circuit.

Nov. 24, 1959.

Rehearing Denied Jan. 5, 1960.

Grovene James Finley, in pro. per.

Truett Smith, Asst. U. S. Atty., Macon, Ga., Frank O. Evans, U. S. Atty., Macon, Ga., for appellee.

Before HUTCHESON, CAMERON and JONES, Circuit Judges.

HUTCHESON, Circuit Judge.

The four appellants herein, Grovene James Finley, Webber Heflin Mitchell, David Wendell Goodwin, and James Thomas Daniels, and four others, Vernon Acie Carter, William Clyde Johnson, Forrest Eugene McLendon and John Henry Daniel, none of whom are here as appellants, were charged in Count One of a three count indictment with a violation of 18 U.S.C. § 371 in connection with 18 U.S.C. §§ 2312 and 2313. The charge was that during the period from about August 1, 1956, up to and including June 30, 1958, they unlawfully, wilfully, knowingly, and feloniously combined, conspired, confederated and agreed together, and with each other and with divers other persons unknown, to commit offenses against the United States, to-wit, to unlawfully and wilfully transport in interstate commerce motor vehicles, knowing them to have been stolen, and similarly to receive, conceal, store, barter, sell and dispose of motor vehicles in interstate commerce.

Mitchell alone was charged in Counts Two and Three of the indictment with

violations of 18 U.S.C. § 2312, involving interstate transportation of stolen vehicles.

All eight defendants entered a plea of not guilty and all, except McLendon, were tried. Mitchell, Daniels and Goodwin were represented by counsel at the trial. Finley represented himself.

The lengthy trial concluded, defendants' motions for acquittal denied, and the case sent to the jury, all the defendants were found guilty as charged. Mitchell was sentenced on each of the three counts, the sentences to run concurrently, and Finley, Goodwin, and Daniels were sentenced on the conspiracy count as follows: Finley to five years; Goodwin to two years, to begin at the expiration of a Georgia state sentence then being served; Daniels to two years.

Finley filed a motion in arrest of judgment and a motion for a new trial, both of which were overruled, and Finley, Goodwin, Daniels and Mitchell gave notice of appeal, and each was allowed to, and did, appeal in forma pauperis.

None of the appellants are represented by attorneys on this appeal. Appellants' brief, with the assent of all appellants, is signed by Finley as counsel for appellants, and, in 112 typewritten pages, it presents and argues eighteen specifications of error,[1] including therein the denial by the trial court of defendants' motions for directed verdict.

Considering first, because it goes not merely to the reversal but also to the rendition of the judgment, appellants' Specification No. 17, that it was error to deny the defendants' motions for judgment of acquittal, it is sufficient to say, as to Mitchell and the substantive counts two and three, on which he was convicted, that the record fully and completely supported the verdict on these counts, that, indeed, no contrary claim is made in the brief. Its whole argument on this specification is directed to an attack upon the motions for directed verdict as to the conspiracy count.

With respect to that count, without undertaking to narrate any of the testimony of the nearly ninety witnesses, it is sufficient for its disposition to say that the voluminous testimony in the record of more than 1000 pages points directly and convincingly, indeed conclusively, to the existence of a conspiracy, that is an unlawful combination and concert of action in which all of the appellants participated. Indeed the brief is directed to pointing out deficiencies in

---

1. These in substance are that the trial court erred:

(1) In denying Mitchell's motion for continuance;

(2) In denying Finley's motion for return of property and suppression of evidence;

(3) In denying Finley's motion to dismiss the indictment;

(4) In denying Finley's motion for mistrial on account of the trial court's action in not again charging jury on their adjournment at the end of the first day of trial about reading newspapers;

(5) In refusing to require a government witness, who was not excluded under the rule, to be examined first;

(6) In overruling Finley's objection to the introduction of Government Exhibit G–1;

(7) In overruling objection to Government Exhibits G–2 through G–9;

(8) In overruling objection of Mitchell to Government Exhibit G–12;

(9) In overruling objection to Government Exhibit G–18;

(10) In overruling objection to Government Exhibit G–25;

(11) In overruling objection to the testimony of NLTB Agent Booth;

(12) In limiting the cross-examination of a government witness by Finley;

(13) In admitting Government Exhibit G–37;

(14) In admitting Government Exhibits G–39, G–40, G–41;

(15) In admitting Government Exhibit G–43;

(16) In denying Finley's motion for mistrial because of the prejudiced testimony of agent McKibben as to conversations with others than Finley;

(17) In denying defendant's motions for judgments of acquittal;

(18) In denying Finley's motion for arrest of judgment on the grounds (1) that no offense was committed in the Middle District of Georgia; and (2) that the indictment did not state an offense.

the record only as respects Finley's complicity and the main effort there, concentrated as it is not upon the legal relevancy, but upon the weight, of the evidence on which the government relies for conviction, is directed to an effort to show, not that Finley was not specifically connected with some, but only that he was not connected with all, of the overt acts.

In addition, the writer of the brief is laboring under a complete misapprehension of where the burden lies on this specification. This is shown on page 110 of his brief where the writer in quoting Head Note One of the opinion in Arena v. United States, 9 Cir., 226 F.2d 227:

"Where convicted defendant claimed on appeal that evidence was insufficient as a matter of law to sustain verdict, reviewing court must grant every reasonable intendment in favor of government."

concludes the quotation with the word "defendant" instead of the word "Government", and thereby gives the quotation a meaning the exact opposite of that intended. Cf. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; Krull v. United States, 5 Cir., 240 F.2d 122; Rickey v. United States, 5 Cir., 242 F.2d 583; Duke v. United States, 5 Cir., 233 F.2d 897; Pettibone v. United States, 148 U.S. 197, 13 S.Ct. 542, 37 L.Ed. 419.

Of the other specifications, except possibly Specification 16, the refusal of Finley's motion for mistrial, it is sufficient to say that none of them present prejudice, or, as a brief consideration of each will show, even substantial error.

The short answer to Specification One, the denial of Mitchell's motion for continuance, as to all of the appellants except Mitchell, is that the matter did not affect them, while as to Mitchell, the answer is that the record leaves in no doubt that the action of the district judge in refusing the continuance was well within his discretion. Hardy v. United States, 186 U.S. 224, 22 S.Ct. 889, 46 L.Ed. 1137; Isaacs v. United States, 159 U.S. 487, 16 S.Ct. 51, 40 L.Ed. 229; Brown v. United States, 5 Cir., 228 F.2d 286.

Specification Two, the denial of Finley's motion to suppress evidence, is without substance, first because there is *no proof that an unlawful search was made*, and, second, because it is not claimed that anything was found in the automobile which incriminated Finley. All that is made to appear is that officers, having reliable information that a car had been stolen, seized and held it.

Specification Three is more than unsubstantial, *it is frivolous*, and the same is true of Specification Four, which complains in effect of the failure of the court to repeat daily the guilding instruction about not reading newspapers, which the judge gave the jury at the beginning of the trial. This is so because such repetition is not required, and because no showing is made that newspapers were read, or, if they were, that there was any prejudice to the defendant therefrom.

Specification Five, complaining of the court's refusal to require the government to use as its first witness an F. B. I. Agent excused from the rule, deals with a matter within the discretion of the court and not reversible unless abuse and injury are shown, and nothing of the sort is made to appear here.

Specifications Six to Ten, inclusive, and Thirteen, Fourteen and Fifteen, which deal with the action of the court *in admitting government exhibits*, are all based upon the general claim that either they were not sufficiently established as legal documents or were not connected with defendants to make them admissible in the case. The basic fault in this view is that it was a conspiracy case which was on trial and that it was not necessary, to permit its offering, to connect each exhibit with each defendant. It was sufficient to show as to each exhibit that it had some relation to, or connection with, the conspiracy, and that its introduction was attended with the

proper safeguards, and all of these were fully and carefully observed in this case.

 Specification Eleven, which deals with testimony as to a car not named in the indictment, is answered by a reference to the principle that, in a conspiracy prosecution, the government is not limited to overt acts pleaded and by the fact that no prejudice is shown to have resulted from it. Marcus v. United States, 3 Cir., 20 F.2d 454.

Of Specification Twelve, that the court imposed undue limitations on Finley's cross-examination of a government witness, it is unnecessary to say more than that a reference to the record shows that he was allowed to, and did, fully cross-examine him.

 In support of Finley's Specification Eighteen, that it was error to deny his motion in arrest of judgment on the grounds (1) that the indictment does not state facts sufficient to constitute an offense against the United States, and (2) that the court is without jurisdiction in that the offense was not committed in the Middle District of Georgia, the brief puts forward nothing except:

> "There can be no conviction of causing a stolen motor vehicle to be transported in interstate commerce knowing it to have been stolen, without knowledge that the automobile had been stolen".

a proposition which was not disputed on the trial and is not disputed here. Nothing is said in the brief in support of the grounds of the motion, nothing could be.

This is so because the conspiracy indictment was good even against a motion to quash, and, for a much stronger reason, it was sufficient to withstand the motion in arrest of judgment. Finn v. United States, 4 Cir., 256 F.2d 304; Goetz v. United States, 7 Cir., 59 F.2d 511; Gibson v. United States, 9 Cir., 31 F.2d 19.

 The other ground, that the offense, if any, was not committed in the district is as clearly without merit for a conspiracy may be prosecuted either at the place where the conspiracy was formed, Dealy v. United States, 152 U.S. 539, 14 S.Ct. 680, 38 L.Ed. 545, or where any of the overt acts were committed, Hyde v. United States, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114, and the evidence was ample to show jurisdiction.

Specification Sixteen, to which we have earlier referred as the only specification presenting any even plausible matter of substance, complains of the testimony of a government agent, McKibben, with regard to an interview he had with William Clyde Johnson, a codefendant, in the course of which he testified and proceedings were had thereon, as shown in the margin.[2]

 It is quite clear, we think, that the matters complained of in this specification do not constitute reversible error. A motion for mistrial is a matter directed to the sound discretion of the trial court and is to be granted only upon a clear showing that its granting is necessary to prevent a miscarriage of justice. Carter v. United States, 5 Cir.,

---

2. The witness: "He told me that Grovene Finley and Webber Mitchell were involved in a theft ring operation."

Finley objecting on the ground that he was not present at the time of this conversation, the Court instructed the jury: that if this testimony is admissible at all, it is not, under the showing presently made, admissible against anybody except William Clyde Johnson; "I will instruct you to pay no attention to it unless I change these instructions later * * * but this statement is admissible only against the man who made it and not against Finley or Mitchell, or any of the other defendants."

Finley then made a motion for a mistrial on the same ground, and the motion was overruled.

The witness thereafter stating, "He told me that this theft ring was operating and named Grovene Fin-" to which Finley, interrupting, objected and again made a motion for mistrial, and it was overruled.

Further argument ensuing, the court stated: "Members of the Jury I instruct you to pay no attention to anything that this witness has said. I just rule it all out."

231 F.2d 232; Marson v. United States, 6 Cir., 203 F.2d 904; Thompson v. United States, 155 U.S. 271, 15 S.Ct. 73, 39 L.Ed. 146. It is clear, too, that, taking into account the action of the prosecuting attorney and of the trial court and the record as a whole, the trial court properly exercised its discretion in overruling Finley's motion for a mistrial. But there was no error. The statement was certainly admissible against Johnson, a defendant in the suit, and the jury was instructed that it was not admitted and could not be considered against Finley and Mitchell. In addition, shortly thereafter the court struck the evidence entirely from the case and directed the jury not to consider it.

It appearing that no reversible error was committed in the trial of the case, the judgment is affirmed.