**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joyce Arlena HILL, a/k/a Marion Kirk,
a/k/a Janet Davenport, Defendant-
Appellant.**

No. 72-2308

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 2, 1972.

Charles C. Whitener, Dallas, Tex., Court-appointed, Jonathan K. Golden, Beverly Hills, Cal., for defendant-appellant.

Eldon B. Mahon, U. S. Atty., John G. Truelson, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Appellant was convicted of having transported and caused to be transported in interstate commerce a falsely made and forged bank check, in violation of 18 U.S.C. § 2314. Her contention on appeal is that since there was no proof that she personally transported in interstate commerce the check in question there was no federally cognizable offense and the Court was without jurisdiction to convict.

Appellant's contention is without merit. The law is well settled that the interstate commerce requirement of 18 U.S.C. § 2314 is satisfied when a person knowingly cashes a fraudulent check in one state drawn on a bank in another state. Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954); Rickey v. United States, 5 Cir., 1957, 242 F.2d 583; Hubsch v. United States, 5 Cir., 1958, 256 F.2d 820; United States v. Webb, 5 Cir., 1971, 443 F.2d 308. This is exactly what the Government proved—appellant knowingly cashed a forged check in Texas, which check had been drawn on a bank in Tennessee.

Affirmed.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409.