UNITED STATES of America,
Plaintiff-Appellee,

v.

Allen Marion HOWELL et al.,
Defendants-Appellants.

No. 74–2427.

United States Court of Appeals,
Fifth Circuit.

June 11, 1975.

J. Nathan Deal, Gainesville, Ga. (Court appointed), for Howell.

Frank Strickland, Jr., Gainesville, Ga. (Court appointed), for Fair.

Andrew J. Hill, Jr., Lavonia, Ga., for Marvin Davis Harris and Aubrey Joe Allen.

Jack C. Bell, Gainesville, Ga. (Court appointed), for Patrick.

James M. Walters, Gainesville, Ga. (Court appointed), for Jerry Dan Harris.

Glyndon C. Pruitt, Buford, Ga., for Ambrey DeWitt Allen and Nancy Ann Allen.

John W. Stokes, U. S. Atty., J. Robert Sparks, Trial Atty., Crim. Div., U. S. Dept. of Justice, Atlanta, Ga., for plaintiff-appellee.

Before BELL, THORNBERRY and GEE, Circuit Judges.

BELL, Circuit Judge:

This appeal arises out of an indictment charging fifteen persons with conspiracy to violate 18 U.S.C.A. § 659 (theft of and receiving goods stolen from interstate shipments), 18 U.S.C.A. § 2312 (interstate transportation of stolen motor vehicles), 18 U.S.C.A. § 2314 (transporting stolen goods in interstate commerce), and 18 U.S.C.A. § 2315 (receiving stolen goods moving in interstate commerce). Some of the fifteen persons were also charged in one or more of eight substantive counts.[1]

Two defendants entered pleas of guilty, the indictment against one was dismissed, and the remaining twelve were tried before a jury. Four of the twelve were acquitted by the jury. The remaining eight were convicted and have appealed. All were convicted on the conspiracy count. In addition, Aubrey DeWitt Allen, Jr. (A. D. Allen), Aubrey Joe Allen (A. J. Allen), Nancy Ann Allen (Ann Allen), Jerry Dan Harris (J. D. Harris), and Allen Marion Howell (Howell) were convicted on one or more substantive counts.[2] This appeal followed and we affirm.

There are many assignments of error. The principal assignments are error in failing to suppress evidence obtained through a court-authorized interception of wire communications; in failing to suppress evidence seized under authority of search warrants; error in connection with the trial court's handling of a report of the possible bribe of a juror; error as to some of the defendants in admitting testimony of a FBI agent which negated participation of some of the other of the defendants in two burglaries, thus allegedly giving rise to the inference that others may have participated; denial of fair trial resulting from undue security precautions at the trial. Defendants also complain as to the admission of prejudicial evidence in the form of guns and burglary tools; the use of witness O'Kelly's testimony; the failure to disclose the identity of an informant; failure to grant separate trials for the defendants; insufficiency of the evidence; errors in the charge and failure to charge; prejudice in joining the conspiracy count for trial with substantive counts four, five, and six which are alleged to have no connection with the conspiracy; and that the indictment and proof was defective in charging a single conspiracy when the proof showed multiple conspiracies.

One assignment of error peculiar to defendant Howell lies in the admission of testimony by government witness O'Kelly that Howell participated with him in two burglaries which were alleged as overt acts in the conspiracy

---

1. Three additional counts were severed for trial and are not involved in this proceeding.

2. Appellants have filed six separate briefs and each has adopted the brief of the others to the extent that the assignments of error therein are relevant and supported.

count but which did not name Howell therein as a participant. Patrick complains separately, in a *pro se* brief filed to supplement brief of counsel, of the admission of evidence recovered in an alleged illegal search of his automobile. His other assertions are included in the joint assignments of error.

The case can be better understood by summarizing the testimony of government witnesses including that of O'Kelly, who participated in many of the activities of the conspiracy. The conspirators, in various groups and combinations, engaged in a series of burglaries in 1972 and 1973 in Georgia and South Carolina, usually of clothing manufacturing plants or warehouses, and in hijacking trucks for the purpose of stealing large quantities of clothing and, on one occasion cigarettes, and another, guns and ammunition, and transporting the goods taken in trucks stolen at or near the burglary sites to the homes of A. J. Allen or A. D. Allen in Commerce, Georgia or to a garage in Banks County, Georgia operated by A. J. Allen. Participants in the burglaries were armed and equipped with walkie-talkie radios by which they communicated with lookouts. A. D. Allen sold the stolen clothing in wholesale quantities to persons in South Carolina and Georgia for resale in retail stores. He was assisted in this to some extent by Ann Allen, his wife. There was evidence of at least fifteen burglaries or truck thefts in which guns and ammunition, cigarettes, mens' shirts, slacks, sport coats, as well as ladies and children's clothing were taken, with a total retail value amounting to several hundred thousand dollars.

■ We will first consider the contention of Howell that the court erred in admitting evidence of his participation in two burglaries which were alleged as overt acts but in which he was not alleged to be a burglar. In overt act 10, the government alleged that the burglars were O'Kelly, Patrick, and "two unknown males." In overt act 23, no participants were named. No bill of particulars was ever requested or ordered

regarding the naming of every participant in each burglary. The two overt acts pertaining to the two respective burglaries were alleged in the indictment and proof regarding Howell's participation in these burglaries was admissible. This assignment of error is without merit. *See* Reese v. United States, 5 Cir., 1965, 353 F.2d 732; Finley v. United States, 5 Cir., 1959, 271 F.2d 777.

■ There is no merit whatever in Patrick's *pro se* claim of an alleged illegal search of his vehicle. He gave written consent for the search at the time of the execution of the search warrants in connection with the Allen searches, to be discussed *infra*. The fact of consent was developed at the trial and the objection to the admission of evidence found in the search was properly overruled.

■ There were court-authorized interceptions of wire communications with respect to the telephones of A. D. Allen and A. J. Allen. The issuing judge required close supervision over the wiretaps. There was a proper showing that the government had sufficiently exhausted other types of investigative methods before turning to the wiretap technique. Interceptions of conversations not pertinent to the investigation were minimized. Indeed, we find no departure from the statutory requirements of 18 U.S.C.A. § 2518 in any of the claimed particulars. We find no merit in defendants' contention that the trial court erred in denying pre-trial inspection of the monitoring agent's logs. These logs were furnished to the defense after the monitoring agent testified. Also, complete transcripts of all recorded conversations were made available to the defense during pre-trial discovery. In sum, we find no merit in the attack mounted against the wiretaps.

■ The search of the premises of A. D. Allen, Ann Allen and A. J. Allen is the basis for a claim that some evidence produced by the search was inadmissible. The argument is that the search warrants were exploratory in nature. The warrants are not contested. As near as

**714**

we can tell, the argument is that the court should have suppressed all evidence seized in that some evidence seized was not mentioned in the warrants. The claim is not particularized as to evidence actually introduced. Moreover, there is no contention that any of the evidence seized was other than contraband of a type set out in the warrants or the affidavit supporting the warrants. *See* United States v. Various Gambling Devices, 5 Cir., 1973, 478 F.2d 1194; Gurleski v. United States, 5 Cir., 1968, 405 F.2d 253. There is no merit in this assignment of error.

■ At one point during the trial, the court had a conference (without counsel or defendants being present) with a juror, wherein the juror related that he had been indirectly offered a bribe. More specifically, he told the trial judge that an acquaintance at his place of work had relayed a message to him which message had been given to the acquaintance by an unknown person, such message being, in effect, that it would be worth $1,000 to him as a juror if the defendants were not convicted.

The court then held an *in camera* conference with all counsel to report the incident, and to state that he had examined the juror and was convinced his impartiality had not been affected. The court offered counsel a hearing with the juror to determine this question for themselves. There was no objection or a request for a hearing. Thereafter, counsel were instructed not to discuss the matter with the defendants.

We have carefully considered defendants' arguments that the handling of this incident by the trial court violated their rights to the assistance of counsel, the right to be present at a critical stage in the trial, and the right to a trial by impartial jurors. We hold that these *in camera* conferences were not critical stages in the proceedings and therefore no concomitant right to be present arose. In addition, we find no error in the handling of this incident by the district court. There is no merit in the conten-

tions of denial of the right to counsel or of a trial by impartial jurors.

■ Defendant Fair had given oral pre-trial statements as to two burglaries in which he and others were involved. The court instructed the FBI agent who took the statements to delete references to specific persons and to use the words "another man" or "two other men" instead of the names of any of the defendants. This was proper. United States v. Kershner, 5 Cir., 1970, 432 F.2d 1066; Posey v. United States, 5 Cir., 1969, 416 F.2d 545.

■ ▪ At this point, after the FBI agent had testified as to the Fair statements, counsel for three defendants were allowed to elicit testimony from the agent that their clients, Ann Allen, J. D. Harris, and Howell were not mentioned in the statements. No such negative testimony was sought or adduced as to the remaining eight male defendants (there was one other female defendant). The argument is that this negative approach raised an inference that the other male defendants may have been the participants mentioned by Fair. They rely on the confrontation right expressed in Bruton v. United States, 1968, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. This argument takes no notice of the testimony identifying the participants. Government witness O'Kelly had testified as to one of the burglaries in the Fair statement, and he named A. J. Allen and defendant Harris as the two other men involved in that burglary. Another witness had identified defendant Patrick and A. D. Allen as participating in the other burglary. Four of the defendant-appellants were thus identified. Such inference as may have arisen was attenuated at best and was harmless error if error at all. *Cf.* Schneble v. Florida, 1972, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340.

■ Defendants next contend that they were denied a fair trial by reason of the security precautions employed throughout the trial. We have carefully considered this issue. The precautions

taken were not undue given the facts known to the court. A homemade handcuff key was found the week before trial in defendant Howell's cigarette lighter. Fair and Howell were serving state sentences and were classified as extreme escape risks. A. D. Allen and Patrick were serving sentences of life imprisonment plus 87 years in state prison. A. J. Allen was in federal custody resulting from a South Carolina conviction. One of the named co-conspirators, who was not charged as a defendant, was murdered three days after he decided to plead guilty to charges in South Carolina. The murder was accomplished by dynamiting his trailer bedroom. The Atlanta FBI office received a telephone call threatening two agents with death unless they were removed from Gainesville, and the call was traced to a pay telephone located a hundred yards from where one of the agents was spending the night in Gainesville. The FBI had information that a $20,000 contract had been let on the life of government witness O'Kelly. Howell had previously escaped from prison and had attempted to escape on two previous occasions. Fair had previously escaped from prison. There were outstanding armed robbery warrants for Harris. While A. D. Allen Patrick, and Daniel Warren were being held in a state jail awaiting trial for the armed robbery of a bank, a minister's wife and daughter were kidnapped and held as hostages for the release of Warren. These facts were developed outside the presence of the jury and the trial judge added to the record that the state had been reluctant to turn over some of the prisoners for fear they would escape. Consequently, the court had instructed the marshals to cooperate with the state by taking adequate measures to assure that there would be no escape from federal prison.

The security measures employed included eleven marshals in the courtroom and passing the jurors, indeed all persons admitted to the courtroom, through two magnometers for the purpose of detecting metal. There was no disturbance in the courtroom and the voir dire of the jury panel did not disclose prejudice. There is no merit in this assignment of error.

■ The weapons and various electronic receiving and transmitting equipment seized from A. D. and A. J. Allen were properly admitted into evidence and displayed before the jury. Government witness and co-conspirator O'Kelly testified that similar weapons and equipment were used in the burglaries. Therefore their introduction was not error. *See* United States v. Poe, 5 Cir., 1972, 462 F.2d 195; Smith v. United States, 5 Cir., 1969, 413 F.2d 1121.

■ O'Kelly, a member of the burglary ring, agreed after his arrest in September, 1973, to testify for the government in return for immunity. From the time of his arrest until trial in March, 1974, O'Kelly had been paid $1,000 a month subsistence payments for him, his wife and child. Such payments are authorized by Pub.L. No. 91–452, Title V, §§ 501–504, Oct. 15, 1970, 84 Stat. 933. These payments did not vitiate the trial. Defendants received their due in presenting the fact of the payments to the jury.

■ The trial court refused to identify an informant who provided some of the probable cause for wiretap orders and search warrants. The informant's testimony would, according to appellants, impeach the government witness O'Kelly or others. The trial court, after an in camera proceeding with FBI agents present, but no counsel or parties present, concluded that the informant had not participated in the burglaries and therefore could not directly impeach O'Kelly or others. We find no error. *See* United States v. Davis, 5 Cir., 1973, 487 F.2d 1249; *cf.* Roviaro v. United States, 1957, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639.

■ The defendants' contention that the district court erred in denying their motion for severance is without merit. Such action is within the discretion of the trial court and no abuse of discretion is shown. Moreover, no prejudice has

been demonstrated. *See* United States v. Pacheco, 5 Cir., 1974, 489 F.2d 554; United States v. Edwards, 5 Cir., 1974, 488 F.2d 1154.

 There is no merit whatever in the various contentions that the evidence was insufficient to support the guilty verdicts. There was ample evidence to support the convictions of each and every appellant.

 Neither do we find merit in the contention that the court erred in giving a modified Allen charge[3] to the jury on the third day of deliberations. United States v. Bailey, 5 Cir. (en banc) 1972, 480 F.2d 518. The charge given in the instant case was substantially similar to the charge upheld in *Bailey,* supra.

The defendants contend that there was no connection between the conspiracy charged in count one of the indictment and the substantive counts four, five, and six and that such joinder is prohibited by Rule 8(b) of the Federal Rules of Criminal Procedure. Counts four, five, and six involved the theft by defendants J. D. Harris and Howell of 4,000 cartons of cigarettes and a truck from a company in South Carolina and the transportation of such property to A. J. Allen in Jackson County, Georgia. Defendants maintain that this was an undertaking separate and apart from the conspiracy alleged in count one. There was ample evidence adduced at trial to allow the jury to infer that this undertaking was within the ambit of the conspiracy alleged in count one of the indictment.

 Finally, defendants' assert that the indictment and proof was defective in charging a single conspiracy when the proof showed multiple conspiracies. The court properly instructed the jury on multiple as well as single conspiracies. There was proof of one conspiracy as charged. There was also proof that would have supported separate conspiracies for many of the particular activities. The gist of the matter is that the proof tied appellants to the single conspiracy

charged. *See* Robinson v. United States, 5 Cir., 1964, 333 F.2d 950. United States v. Dryden, 5 Cir., 1970, 423 F.2d 1175.

We have considered every assignment of error. We find no merit in the separate or collective positions of appellants.

Affirmed.

---

**3.** Allen v. United States, 1896, 164 U.S. 492, 501–02, 17 S.Ct. 154, 41 L.Ed. 528.