John P. Volz, U. S. Atty., Irving J. Warshauer, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Vial Joseph BLANKE, Jr., a/k/a Jerry Beirne, Defendant-Appellant.**

No. 77–5695.

United States Court of Appeals, Fifth Circuit.

May 5, 1978.

Before WISDOM, THORNBERRY and RUBIN, Circuit Judges.

PER CURIAM:

Joseph Blanke and a confederate forged checks drawn on an out-of-state bank. They sold these checks to Lawrence, who thought that the checks were genuine but had been stolen. Lawrence cashed the checks.

We hold that Blanke caused the checks to be transported in interstate commerce as required by 18 U.S.C. § 2314. Blanke could foresee that the checks would be cashed and sent through interstate commerce. *See, e. g., Pereira v. United States*, 1954, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435; *United States v. Hill*, 5 Cir. 1972, 468 F.2d 899. *United States v. Peoni*, 2 Cir. 1938, 100 F.2d 401 (L. Hand, J.), is not to the contrary. In *Peoni*, the defendant sold counterfeit bills for a fixed price to someone who, in turn, sold

the bills to a third person. Judge Learned Hand, for the court, held that the defendant was not responsible for the possession of the bills by the third person. He left open the possibility that the defendant would be responsible for possession by the original buyer. Lawrence was the original buyer from Blanke. *Accord, United States v. Campisi*, 2 Cir. 1962, 306 F.2d 308, *cert. denied*, 371 U.S. 920, 83 S.Ct. 287, 9 L.Ed.2d 229.

AFFIRMED.