UNITED STATES of America,
Plaintiff-Appellee,

v.

Carlos Ibarra VASQUEZ,
Defendant-Appellant.

No. 83–5656.
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 17, 1984.

Geoffrey C. Fleck, Weiner, Robbins, Tunkey & Ross, Miami, Fla., for defendant-appellant.

Stanley Marcus, U.S. Atty., Ted E. Bandstra, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

PER CURIAM:

 Appellant Carlos Ibarra Vasquez was convicted of unlawfully possessing an unregistered firearm, in violation of 26 U.S. C.A. §§ 5861(d) and 5871.[1] In this appeal of his conviction, appellant asserts that two rulings of the district court violated his Sixth Amendment rights. First, Vasquez asserts that the court's refusal to permit Vasquez's attorney to interrupt a bench conference between the court and counsel, for the purpose of consulting with Vasquez, violated his Sixth Amendment right to counsel. Second, Vasquez argues that the court's decision to exclude him from the courtroom during the bench conference, which was called for the purpose of discussing the scope of the prosecution's intended cross-examination of Vasquez, violated his Sixth Amendment right to be present in the courtroom during every stage of his trial. We reject both of appellant's arguments and affirm the decision of the district court.

At his trial, appellant took the witness stand to testify in his own behalf. At the close of his testimony and before cross-examination, the court recessed the jury to discuss with counsel the scope of the prosecution's intended cross-examination of appellant. The court asked appellant's counsel what response he would give to the prosecution's inquiries regarding drugs found in appellant's home at the time of his arrest. Appellant's counsel responded that he was unaware that drugs had been found in appellant's home. The prosecutor then asked the court to continue the bench conference out of the presence of the appellant, and the court agreed. Appellant's counsel did not object to the court's decision to ask his client to leave the room. The bench conference continued.

After a short recess, the trial judge returned to explain to counsel, still out of the presence of the jury and appellant, the court's ruling on the permissible scope of cross-examination. Before the judge explained his ruling, appellant's counsel requested an opportunity to consult with his client. The judge denied the request, and then proceeded to explain his ruling. After appellant and the jury were readmitted to the courtroom, counsel for appellant again asked to speak with his client. The court granted his request. After this consultation, trial proceedings resumed with the cross-examination of appellant.

In this appeal, Vasquez's primary argument is that the trial court denied him his Sixth Amendment right to the effective assistance of counsel when it refused to permit his attorney to interrupt the bench conference to speak with him. In support of this argument, appellant cites *Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976), in which the Court held that an order preventing the petitioner from consulting with his attorney during a seventeen-hour overnight recess between his direct- and cross-examination violated petitioner's Sixth Amendment rights. *Id.* at 91, 96 S.Ct. at 1336. Appellant also relies upon *United States v. Conway*, 632 F.2d 641 (5th Cir.1980), in which the former Fifth Circuit found a violation of Sixth Amendment rights by a trial court order preventing appellant from consulting his attorney during a lunch-break that interrupted the cross-examination of appellant.[2] *Id.* at 645.

The basis for these decisions is the long-recognized fact that defendants often are not well equipped to understand and effectively negotiate the complicated legal process through which they must pass in defending their rights. " '[A defendant] is unfamiliar with the rules of evidence... He lacks both the skill and knowledge ade-

1. Appellant was charged with two counts of unlawful possession of unregistered firearms. The first count charged possession of a 16-gauge shotgun. The second count charged possession of a silencer. Appellant was convicted only on the first count.

2. The Eleventh Circuit Court of Appeals has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent, which is binding unless and until overruled or modified by this Court en banc. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

quately to prepare his defense, even though he [may] have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him'." *Geders, supra,* 425 U.S. at 88–89, 96 S.Ct. at 1335 (quoting *Powell v. Alabama,* 287 U.S. 45, 68–69, 53 S.Ct. 55, 63–64, 77 L.Ed. 158 (1932)). Thus, courts have reversed convictions in cases in which the defendant was denied entirely the opportunity to consult with counsel during some stage of the court proceedings. *See Geders, supra; Conway, supra.*

Our concern for adequate legal consultation, however, does not lead us to conclude that no limitation may be placed on the desire of counsel to consult with his client. "Not every restriction on counsel's time or opportunity to investigate or to consult with his client ... violates a defendant's Sixth Amendment right to counsel." *Morris v. Slappy,* 461 U.S. 1, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610 (1983). We refuse to adopt the rule urged upon us by appellant in this case that counsel may interrupt court proceedings at any time to confer with his or her client about a matter in the case. Such a rule would impose obviously unacceptable burdens of delay and inconvenience on the court and opposing counsel.

■ Although a court may not deny a defendant all opportunity to consult counsel during a recess in the proceedings, it need not recess proceedings or, as here, interrupt or terminate a bench conference whenever defendant or his counsel wishes to confer. In this case, the district court did not deny appellant reasonable opportunity to consult with his attorney. The court merely required that counsel wait until the bench conference was completed. When appellant's attorney, immediately after the bench conference and before the cross-examination, sought permission to speak with his client, the court granted his request. We do not find this slight delay a

violation of appellant's Sixth Amendment rights.

■ Appellant next asserts that his Sixth Amendment right to be present during every stage of his trial was violated by his enforced absence from the courtroom at the time that his attorney, the prosecutor and the trial judge met to discuss the proper scope of the prosecutor's cross-examination of appellant.[3] Appellant's argument is based on the confrontation clause of the Sixth Amendment, which provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted by the witnesses against him ...." The confrontation clause guarantees the accused the right to be present in the courtroom at every stage of his trial. *Illinois v. Allen,* 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353 (1970); *Lewis v. United States,* 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed.2d 1011 (1892).

■ The right to be present at every stage of trial does not confer upon the defendant the right to be present at every conference at which a matter pertinent to the case is discussed, or even at every conference with the trial judge at which a matter relative to the case is discussed. *See United States v. Howell,* 514 F.2d 710, 714 (5th Cir.), *cert. denied,* 423 U.S. 914, 96 S.Ct. 220, 46 L.Ed.2d 143 (1975). In *Howell,* the Court stated that the defendant had no right to be present at a conference with the judge and a juror on the subject of the attempted bribery of the juror, or at an in camera conference with the judge and all counsel in the case at which the earlier conference was discussed. *Id.* The Court concluded that these in camera conferences were not critical stages in the trial proceedings and therefore the defendant had no right to be present. *Id.; see also United States v. Jorgenson,* 451 F.2d 516, 521 (10th Cir.1971), *cert. denied,* 405 U.S. 922, 92 S.Ct. 959, 30 L.Ed.2d 793 (1972) (defendant has no right to be present at in camera conference on evidentiary matters when his

---

**3.** We note that because appellant did not object to his exclusion from the courtroom, any error in his exclusion would be entitled to considera-

tion by this Court only if found to be plain error. *United States v. Stout,* 667 F.2d 1347, 1354 (11th Cir.1982).

lawyer was present at the conference). Similarly, we conclude that a bench conference, attended by appellant's counsel and called to discuss an evidentiary matter relative to appellant's own cross-examination, is not a critical stage of the trial proceedings at which appellant has a right to be present.

For the reasons above stated, the decision of the trial court is AFFIRMED.