[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 11, 2006
THOMAS K. KAHN
CLERK

No. 05-13236
Non-Argument Calendar

_____

D. C. Docket No. 04-00154-CR-J-32-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALONZA HALL,
a.k.a. Bubba,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 11, 2006)**

Before TJOFLAT, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

Alonza Hall appeals his conviction and 360-month sentence for conspiracy

to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).  Hall argues that the district court's failure to remedy his placement in isolation in an out-of-county jail during the trial constituted a constructive denial of his right to consult with counsel and a structural error that requires reversal.  Hall further argues that the district court abused its discretion by denying his request for a jury nullification instruction and by refusing to permit him to argue for jury nullification in his closing argument.

**I.**

We review de novo a defendant's claim that his Sixth Amendment rights were violated.  See United States v. Yates, 438 F.3d 1307, 1311 (11th Cir. 2006) (citation omitted) (en banc).  However, we review constitutional arguments raised for the first time on appeal for plain error.  See United States v. Munoz, 430 F.3d 1357, 1375 (11th Cir. 2005)(citation omitted).  To establish plain error, an appellant must show "(1) error, (2) that is plain, and (3) that affects [the appellant's] substantial rights."  Id.  (citation and quotation omitted).  "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id. (citation and quotation omitted).

"In all criminal prosecutions, the accused shall enjoy the right . . . to have

the Assistance of Counsel for his defence."  U.S. CONST. amend. VI.  "[T]he right to counsel is the right to the effective assistance of counsel."  McMann v. Richardson, 397 U.S. 759, 771 n.14, 90 S.Ct. 1441, 1449 n.14, 25 L.Ed.2d 763 (1970).

"To the extent that [any] conflict [exists] between a defendant's right to consult with his attorney during a long overnight recess in the trial, and the prosecutor's desire to cross-examine the defendant without the intervention of counsel, . . . the conflict must, under the Sixth Amendment, be resolved in favor of the right to the assistance and guidance of counsel."  Geders v. United States, 425 U.S. 80, 91, 96 S.Ct. 1330, 1337, 47 L.Ed.2d  592 (1976) (citation omitted).  The "actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice."  Penson v. Ohio, 488 U.S. 75, 88, 109 S.Ct. 346, 354, 102 L.Ed.2d 300 (1988) (citation and quotation omitted).  Furthermore, "a trial is unfair if the accused is denied counsel at a critical stage of his trial."  Id. (citation and quotation omitted).   The "[g]overnment violates the right to effective assistance when it interferes in certain ways with the ability of counsel to make independent decisions about how to conduct the defense."  Perry v. Leeke, 488 U.S. 272, 280, 109 S.Ct. 594, 599, 102 L.Ed.2d 624 (1989).

We have held that court orders banning communication between a defendant

3

and his counsel during a 15-minute court recess violated the defendant's Sixth Amendment right to counsel. Bova v. Dugger, 858 F.2d 1539, 1540 (11th Cir. 1988). However, we have noted that a district court does not need to recess proceedings or interrupt or terminate a bench conference whenever a defendant wishes to communicate with his counsel. United States v. Vasquez, 732 F.2d 846, 848 (11th Cir. 1984). There is no constitutional violation as long as a defendant is allotted "reasonable opportunity to consult with his attorney[.]" Id. "The defendant must show that the prohibition actually prevented the opportunity to confer with counsel." Crutchfield v. Wainwright, 803 F.2d 1103, 1110 (11th Cir. 1986)(en banc).

We cannot conclude in this case that the district court prevented counsel's opportunity to consult with his client. Shortly before opening statements, Hall's counsel called attention to the fact that Hall had been placed in isolation at the jail and denied telephone privileges, and counsel alluded to the apparent distance to the jail. Counsel moved to have the court order the marshal to hold Hall in the local jail that night. However, counsel did not suggest an inability to communicate with his client; he only suggested he might have to drive out there to do so. The trial judge indicated he would check into the possibility of holding Hall in the local jail. Opening statements (by both the government and Hall) followed, and extensive

4

direct examination of the Government's first witness. During that examination, a technical problem arose that prompted the court to adjourn the trial early, shortly after 4 p.m. Counsel did not inquire again about Hall's overnight accommodations, and did not request time to communicate with Hall before he was returned to jail for the evening. The next day, after conclusion of the Government's first witness, the court reported to Hall that it had inquired of the marshal concerning relocating Hall but had no answer yet. The court indicated a willingness to accommodate counsel's need for communication, suggesting a time at the close of the day. At the end of that second day, the court inquired whether counsel needed time to consult. Counsel responded that he needed 15 minutes. The court granted 30 minutes. We cannot conclude that the district court erred; the court did not preclude counsel's communication with his client. See also United States v. Lucas, 873 F.2d 1279, 1280-81 (9th Cir. 1989) (holding that a defendant's pretrial detention in a facility 120 miles away from his counsel did not constitute an actual or constructive denial of assistance of counsel); Caldwell v. United States, 651 F.2d 429, 433 n.5 (6th Cir. 1981) (recognizing that the defendant never explained how the geographic distances between his counsel and the defendant's custodial locations and between counsel and the trial location constituted ineffective assistance of counsel); United States v. Kirk, 534 F.2d 1262, 1281 (8th

Cir. 1976), <u>vacated in part on other grounds</u>, 723 F.2d 1379 (8th Cir. 1983) (noting that the inconvenience of attorneys traveling 30 miles to communicate with defendant was not an unconstitutional denial of effective assistance of counsel); <u>Rees v. Peyton</u>, 341 F.2d 859, 864 (4th Cir. 1965) (finding no prejudice was inflicted upon the defendant by his incarceration during trial in a federal penitentiary 50 miles away because the court ensured that the defendant had reasonable access to his counsel).

## II.

We review a district court's refusal to give a requested jury instruction for abuse of discretion. <u>United States v. Roberts</u>, 308 F.3d 1147, 1153 (11th Cir. 2002). "A trial judge's refusal to give a requested instruction will warrant a new trial only if (1) the requested instruction was substantively correct, (2) the court's charge to the jury did not cover the gist of the instruction, and (3) the failure to give the instruction substantially impaired the defendant's ability to present an effective defense." <u>Id.</u>

Justice Holmes recognized long ago, "the jury has the power to bring in a verdict in the teeth of both law and facts." <u>Horning v. District of Columbia</u>, 254 U.S. 135, 137-40, 41 S.Ct. 53, 54, 65 L.Ed. 185 (1920), <u>abrogation on other grounds recognized</u> in <u>United States v. Gaudin</u>, 515 U.S. 506, 115 S.Ct. 2310, 132

L.Ed.2d 444 (1995). We "acknowledge the jury's <u>de facto</u> power to refuse to apply the law as instructed by the court, exercise of such power is in dereliction of the jury's sworn duty." <u>United States v. Funches</u>, 135 F.3d 1405, 1408 (11th Cir. 1998). We have held that a criminal defendant is not entitled to a jury instruction which alerts the jury of this <u>de facto</u> power. <u>United States v. Trujillo</u>, 714 F.2d 102, 105 (11th Cir. 1983). Furthermore, we have held "that defense counsel may not argue jury nullification during closing argument." <u>Id.</u> at 106. According to our prior-precedent rule, "[o]nly the Supreme Court or this Court sitting <u>en banc</u> can judicially override a prior panel decision." <u>United States v. Wright</u>, 392 F.3d 1269, 1280 (11th Cir. 2004) (internal quotations and citations omitted), <u>cert. denied</u>, 125 S.Ct. 1751 (2005).

We conclude that the district court's decision on jury nullification was not an abuse of discretion because our precedent has held that a criminal defendant is not entitled to either an instruction or an argument for jury nullification. Accordingly, we affirm Hall's conviction and sentence.

**AFFIRMED**.[1]

---

[1] Hall's motions to stay and to have his attorney withdraw and submit a pro se brief are denied. Because Hall's attorney filed an initial brief, Hall cannot now add new issues that we not raised in that brief. <u>See</u> <u>United States v. Hembree</u>, 381 F.3d 1109, 1110 (11th Cir. 2004) (citing <u>United States v. Levy</u>, 379 F.3d 1241 (11th Cir. 2003), for proposition that new issues cannot be raised in a supplemental brief if they were not raised in initial brief).

7