DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MONTAVIOUS SANDERS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1974

[December 16, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Charles A. Schwab, Judge; L.T. Case No. 56-2018-CF-002976-A.

Jeffrey H. Garland, Esq. of Jeffrey H. Garland, P.A., Fort Pierce, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Montavious Sanders appeals his conviction for attempted first-degree murder with a firearm causing great bodily harm. He contends that his non-inclusion in a bench conference during trial constituted a denial of due process and that his attorney's statements during this bench conference required the trial court to inquire as to whether a conflict of interest existed between Appellant and his counsel. Finding no support in the record for Appellant's arguments, we affirm Appellant's conviction.

## Background

A long-time acquaintance of Appellant was shot in the chest and identified Appellant as the shooter. Appellant testified in his own defense at trial and acknowledged his presence at the scene of the shooting. Nevertheless, he denied being the shooter. After extensive direct examination to establish Appellant's defense, his counsel asked him if there was anything else that he wanted to tell the jury, explaining that this was his last opportunity. Appellant then stated:

I - I did not shoot [the victim]. I believe he has a personal vendetta up against me about the issue I just stated about his - me and his wife inboxing. I believe that's why he [sic] accusing me. As you see on the video, guys beat him up. I did not play no [sic] part in that. He said that I was directly in front of him when I shot him. You see when the guy had the red beam, he identified me as - I disappeared on the screen. [The victim] was still there, how was I in front of him? I don't know. There's no real evidence –

At this point, the State objected, arguing that Appellant was testifying as a narrative, rather than in response to counsel's questions. The trial court convened a bench conference on the objection, at which the following exchange took place:

[DEFENSE COUNSEL]: Judge, we may or may not have come to that time where I just ask him if there's anything else that he wants to say because I don't want to get put in a bind about asking questions.

[THE STATE]: Is it because you're worried he's going to commit perjury?

[DEFENSE COUNSEL]: *I'm not saying that.* I'm just saying that –

[THE STATE]: I think –

THE COURT: I understand, but it's also a narrative.

[DEFENSE COUNSEL]: Okay.

THE COURT: Sustain the objection as to narrative.

[DEFENSE COUNSEL]: Okay.

THE COURT: You pick your questions.

[DEFENSE COUNSEL]: Yes Judge, thank you.

(Emphasis added).

Appellant was not a party to this bench conference and remained on the witness stand during the exchange. After the bench conference, defense counsel asked one final question of Appellant on direct examination: "So, to sum up, you did not shoot [the victim], he's got a vendetta against you?"

The jury ultimately returned a guilty verdict and, on the basis of the above-noted bench conference, Appellant has filed this appeal.

## Analysis

The Sixth Amendment guarantees a defendant the right to be present at any stage of his criminal trial where his presence is critical to its outcome and would contribute to the fairness of the procedure. *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). "When a defendant is excluded from a portion of the trial proceeding without objection, the inquiry centers on whether, in light of the whole record, the fairness of the proceeding was frustrated by the defendant's absence." *Muhammad v. State*, 782 So. 2d 343, 356 (Fla. 2001). Moreover,

> "A defendant has a constitutional right to be present at all 'crucial stages of his trial where his absence might frustrate the fairness of the proceedings.'" *Orme v. State*, 896 So. 2d 725, 738 (Fla. 2005) (quoting *Garcia v. State*, 492 So. 2d 360, 363 (Fla. 1986)). However, this right "does not confer upon the defendant the right to be present at every conference at which a matter pertinent to the case is discussed, or even at every conference with the trial judge at which a matter relative to the case is discussed." *Orme*, 896 So. 2d at 738 (quoting *United States v. Vasquez*, 732 F.2d 846, 848 (11th Cir. 1984)). Accordingly, this constitutional right "does not extend to bench conferences involving purely legal matters" because a defendant's presence at such conferences "would be of no assistance to counsel." *Rutherford v. Moore*, 774 So. 2d 637, 647 (Fla. 2000); *see also Hardwick v. Dugger*, 648 So. 2d 100, 105 (Fla. 1994) ("[A] defendant has no constitutional right to be present at the bench during conferences that involve purely legal matters.").

*Morris v. State*, 931 So. 2d 821, 832 (Fla. 2006).

Here, Appellant's contention that it was error to exclude him from the bench conference is without merit as the brief bench conference was not a critical stage of the proceedings in which his absence frustrated the

fairness of the proceedings. The bench conference addressed only the form in which defense counsel could question Appellant—specifically, whether it was proper to allow Appellant to provide a narrative or whether counsel was required to ask specific questions to elicit testimony. Because this was a purely legal matter, Appellant was not required to be present, as his presence would not have been of any assistance to his counsel. *See Morris*, 931 So. 2d at 832. "[Appellant] 'could have provided no useful input' had he been present." *Shellito v. State*, 121 So. 3d 445, 461 (Fla. 2013) (quoting *Seibert v. State*, 64 So. 3d 67, 86 (Fla. 2010)). Further, where no adverse rulings were made outside of Appellant's presence, the fairness of Appellant's trial was not frustrated by his absence.

Appellant claims that, at the bench conference, his counsel "had just said [Appellant] was committing or was about to commit, perjury" while Appellant "was blissfully unaware that his defense lawyer had thrown him under the bus." However, this contention is belied by the transcript of the bench conference. In response to the prosecutor asking whether defense counsel was not asking specific questions "because you're worried [Appellant's] going to commit perjury," defense counsel answered "I'm not saying that." The sidebar only involved discussion as to the form in which defense counsel could present Appellant's testimony, a "purely legal matter[]." *Rutherford*, 774 So. 2d at 647. Thus, Appellant's constitutional rights were not violated.

The right to counsel under the U.S. and Florida Constitutions encompasses the right to assistance of counsel whose loyalty is not divided between conflicting interests. *Toneatti v. State*, 805 So. 2d 112, 114 (Fla. 4th DCA 2002). In order to establish a violation of the Sixth Amendment guarantee, where no objection was made at trial, it must be shown that an actual conflict of interest adversely affected an attorney's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980).

The bench conference conversation at issue did not reveal, in any fashion, a conflict of interest (potential or actual) between Appellant and his counsel. The court was under no obligation to inquire into whether a conflict existed between Appellant and his attorney where there was *no* indication of any manner of conflict. As discussed above, defense counsel did not indicate that he was concerned Appellant would commit perjury or that he otherwise could not represent him. Moreover, the trial transcript shows that defense counsel extensively questioned Appellant and vigorously cross-examined the State's witnesses, attempting to raise questions about the victim's credibility.

**Conclusion**

The record does not support either of Appellant's contentions. For the most part, Appellant's trial boiled down to a credibility contest between Appellant and the victim, with the latter testifying that he was "[a] hundred percent" certain that it was Appellant who shot him in the chest. Appellant was provided a conflict-free defense and was not excluded from any aspect of the trial that he was entitled to attend. Accordingly, we affirm the trial court's judgment.

*Affirmed.*

MAY and KUNTZ, JJ., concur.

*    *    *

***Not final until disposition of timely filed motion for rehearing.***