**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**James Joseph SULLIVAN, Defendant-Appellant.**

**No. 27074**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Jan. 19, 1970.

Woodrow W. Brand, Jr., Houston, Miss. (court-appt. counsel), for appellant.

James Joseph Sullivan, pro se.

H. M. Ray, U. S. Atty., William M. Dye, Jr., Asst. U. S. Atty., Oxford, Miss., for appellee.

Before GEWIN, GOLDBERG and CARSWELL, Circuit Judges.

**PER CURIAM:**

■ This is another Dyer Act case involving the transportation of a stolen automobile from Tennessee to Mississippi. Appellant was convicted and now appeals, bringing us complaints relating to (1) the denial of a bill of particulars, (2) the failure to give a *Miranda* warning, (3) an illegal search, (4) improper argument of counsel for the government, (5) the refusal to allow cross examination, and (6) insufficiency of the evidence. We find no merit in any of these objections.[1]

■ The functions of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, and to avoid or minimize the danger of surprise at trial. United States v. Haskins, 6 Cir. 1965, 345 F.2d 111; Pipkin v. United States, 5 Cir. 1957, 243 F.2d 491. Sullivan received everything and perhaps more than he was entitled to before trial in the way of information and has not now alleged any surprise. The *Miranda* warning and illegal search objections are likewise without merit because no statement of Sullivan's and no physical evidence resulting from the search were introduced at trial. Moreover, there was testimony of an adequate *Miranda* warning and of a legal arrest. The jury argument of government counsel to which Sullivan takes umbrage was not only invited and provoked by the defense but the words were devoid of any prejudice lest reason and rationality be deemed prejudicial elements in a jury argument. The matters which defendant was not allowed to explore on cross examination had already been disposed of at a preliminary hearing on defendant's pretrial motions. Thus no prejudice resulted from this action of the trial court.

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I (Oct. 7, 1969).

Having read the record and finding no factual support for any of appellant's lamentations, and the jury having spoken, we find no reason in fact or law to gainsay its word of guilt. The judgment of the court below is therefore affirmed.