UNITED STATES of America,
Plaintiff-Appellee,

v.

Ernest Charles LEWIS,
Defendant-Appellant.

No. 75–2707
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 17, 1975.

Eugene M. Bogan (Court-appointed), Greenville, Miss., for defendant-appellant.

H. M. Ray, U. S. Atty., Alfred E. Moreton, III, Asst. U. S. Atty., Oxford, Miss., for plaintiff-appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

On June 18, 1975, Ernest Charles Lewis was convicted by a jury in the United States District Court for the Northern District of Mississippi on five mail fraud counts charging him with violations of 18 U.S.C. §§ 2 and 1341. Specifically, these counts charged that the defendant, while an inmate at the Mississippi State Penitentiary at Parchman, had engaged in a scheme to defraud mail order companies by ordering merchandise and submitting forged or worthless checks in payment for the items ordered. On appeal, the defendant raises two issues, neither of which warrant reversal.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

First, he claims that the trial court erred in allowing a witness to respond to questions concerning an independent investigation of money order fraud at the prison, on the ground that this constituted inadmissible evidence of his possible commission of a separate and distinct offense. Taken in context, however, the challenged testimony was merely designed to correct the defense's insinuation during cross-examination of the witness that the defendant had already been subjected to prison disciplinary measures because of the offense for which he was being charged. Moreover, the testimony merely indicated that two separate investigations had been conducted with respect to the check and money order schemes, and did not directly implicate the defendant in the latter. A defendant cannot complain on appeal of alleged errors invited or induced by himself, particularly where, as here, it is not clear that the defendant was prejudiced thereby. *See United States v. Benson*, 5 Cir., 1974, 495 F.2d 475, 478–79, *cert. denied*, 419 U.S. 1035, 95 S.Ct. 519, 42 L.Ed.2d 310 (1974); *United States v. Wilson*, 5 Cir., 1971, 439 F.2d 1081, 1082, *cert. denied*, 404 U.S. 836, 92 S.Ct. 122, 30 L.Ed.2d 67 (1971); *cf. United States v. McCracken*, 5 Cir., 1974, 488 F.2d 406, 421 (defendant cannot claim error on instructions he had requested); *United States v. Pentado*, 5 Cir., 1972, 463 F.2d 355, 362, *cert. denied*, 409 U.S. 1079, 93 S.Ct. 698, 34 L.Ed.2d 668 (1972), 410 U.S. 909, 93 S.Ct. 963, 35 L.Ed.2d 271 (1973) (appealable error cannot be predicated on testimony brought out by cross-examination conducted on behalf of defendant-appellant); *United States v. Sullivan*, 5 Cir., 1970, 421 F.2d 676, 677 (defendant-appellant cannot claim error on the basis of reasonable jury argument of government counsel which was invited and provoked by the defense).

Defendant's second contention is that admissions attributed to him by an FBI agent were obtained as a result of the "coercive atmosphere that pervades the Maximum Security Unit" at Parchman. He claims that he was promised by Eugene R. Mailly, who was Assistant Chief of Security at Parchman at the time of trial, that he would be released from Maximum Security if he confessed. The trial court's contrary finding, after a mid-trial suppression hearing held out of the presence of the jury, that Lewis' confession was voluntary is not clearly erroneous. Not only does the record contain Mailly's testimony that no such promise was made; there is additional evidence that at the time of the alleged coercive bargain, Mailly was merely an Internal Security Investigator, had only been at Parchman fourteen days, and lacked authority even to suggest such an arrangement. Moreover, the time and circumstances suggest that Mailly would have had at best minimal advance notice that the FBI agent who received the confession would be interviewing Lewis on the day when the admission occurred.

Accordingly, defendant's conviction is Affirmed.