**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Edgar Chaux TRUJILLO,**
**Defendant-Appellant.**

**No. 82–6036**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 9, 1983.

Neal A. Dupree, Asst. Federal Public Defender, Miami, Fla., for Trujillo.

Stanley Marcus, U.S. Atty., Caroline Heck, Asst. U.S. Atty., Miami, Fla., Carole Yvonne Taylor, Asst. U.S. Atty., Fort Lauderdale, Fla., Linda Collins Hertz, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

JAMES C. HILL, Circuit Judge:

On June 4, 1982, Appellant Edgar Chaux Trujillo arrived at the Miami International Airport after a flight from Bogota, Colombia. During a customs inspection, a cheese-like substance was found in a plastic bag inside appellant's baggage. A field test identified the substance as cocaine and Trujillo was arrested and read his *Miranda* rights. Appellant told the Customs agents that he had brought the cocaine to Miami as a favor for someone in Colombia to whom he owed $5,000. Trujillo agreed to cooperate with the Customs agents by following through with his original plan to deliver the cocaine to a contact person in Miami. Accordingly, Trujillo arranged a meeting with his contact, Luis Fernando Arenas, at a local hotel room. Trujillo delivered the cocaine to Arenas upon his arrival at the hotel room, and Arenas was immediately arrested and charged with narcotics violations.

Trujillo was subsequently indicted in three counts with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, possession with intent to

distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and importation of cocaine, in violation of 21 U.S.C. § 952(a). Following a jury trial, Trujillo was found guilty on all three counts. He now appeals his conviction.

## I.

Appellant argues that the trial court erred in failing to grant his motion for a mistrial on the grounds of prosecutorial misconduct during closing argument. During closing argument, defense counsel attacked that portion of the indictment which charged that Trujillo and Arenas conspired "with each other, and with divers other persons known and unknown to the Grand Jury.":

> Well, if you look at the Indictment, the Indictment will tell you that Mr. Trujillo and Mr. Arenas, who is not here, knowingly and willfully combined, and conspired, confederated with others known and unknown. That is terrific. What the Government is going to tell you is that he didn't conspire with Mr. Arenas, but how about the people back in Colombia who are known and unknown? They know Mr. Herrera. Why didn't they include him in the Indictment? ...
>
> They believed that he existed in a conspiracy with Mr. Herrera, why didn't they name him? God, they sure know his name. But, they didn't do that. What they do is they come forward and say to you there are others—this is a thrill part in the Indictment—about this big, and he combined and conspired with others known and unknown, and that is what they want you to convict Mr. Trujillo of. They want you to convict him of conspiring with others known and unknown. That is great. That is great.

In its rebuttal argument, the prosecutor made the following comment:

> The next argument Mr. DuPree makes to you is a legal argument. Judge Haden is the judge of the law. You're the judge of the facts.
>
> He asked you to make a conclusion based upon who the Government charged in its Indictment as to whether this defendant is guilty.
>
> Ladies and gentlemen, just as you govern the facts, the judge governs the law. If that was an improper Indictment, if that was not the way to bring an Indictment, we would not have been here, because the judge would have dismissed it. That is his job, just like it is your job to decide whether this man is guilty or innocent.

Defense counsel objected to the prosecution's remarks and moved for a mistrial. The district court declined to grant defendant's motion for a mistrial and permitted the prosecutor to continue:

> So ladies and gentlemen, that is the separation that we have going on in this courtroom.
>
> You are here for a certain purpose. The Judge is here for a certain purpose. There are certain things which you did not have to concern yourselves with.
>
> The thing you have to concern yourselves with is this defendant's guilt or innocence, not the sufficiency of the charged Indictment or anything else of that type.

█ Trujillo argues that his convictions should be reversed because of the prejudicial nature of the prosecutor's comments. He contends that the government's remarks impermissibly suggested to the jury that the court would have dismissed the indictment if appellant was not guilty. The test for determining whether prosecutorial comments during closing argument warrant reversal is (1) whether the remarks were improper and (2) whether they prejudicially affected substantive rights of the defendant. *United States v. Vera,* 701 F.2d 1349, 1361 (11th Cir.1983); *United States v. Dorr,* 636 F.2d 117 (5th Cir.1981).

█ A careful review of the closing arguments of the defense and prosecution establishes that the prosecutor's remarks were neither improper nor prejudicial. Defense counsel suggested that the indictment was insufficient because it did not identify the co-conspirators and implied that the

jury should consider the sufficiency of the indictment during its deliberation. However, the sufficiency of the indictment is a question of law, *United States v. Mann,* 517 F.2d 259, 267 (5th Cir.1975), *cert. denied,* 423 U.S. 1087, 96 S.Ct. 878, 47 L.Ed.2d 97 (1976), to be decided by the court, not by the jury.[1] The prosecutor's response was tailored to counter the assertion by defense counsel concerning the sufficiency of the indictment. The prosecutor's remarks were a proper statement on the role of the judge and jury and did not improperly suggest that the court had already decided the defendant's guilt.

In determining whether Trujillo was prejudiced by the prosecutor's closing argument, we may consider the trial court's jury instruction and the strength of the evidence against the defendant. *United States v. Dorr,* 636 F.2d 117, 121 (5th Cir. 1981). The district court instructed the jury that the indictment is not evidence of any kind against the accused and directed the jurors not to be prejudiced against the defendant merely because the indictment was returned against him. The court also cautioned the jury that the statements and arguments of counsel were not to be considered as evidence against the defendant. Moreover, the evidence against Trujillo was overwhelming. He was found carrying cocaine in his baggage during a customs inspection at the Miami International Airport. Trujillo admitted that he knew there was cocaine in his baggage and stated that his original plan was to deliver the cocaine to someone in Miami. Viewing the entirety of the prosecution's challenged statements, the district court's jury instruction, and the evidence against the defendant, the prosecutor's remarks during closing argument were not prejudicial to Trujillo's substantive rights.

Furthermore, a defendant can not complain on appeal of alleged error invited or induced by himself, particularly where it is not clear that the defendant was prejudiced thereby. *United States v. Lewis,* 524 F.2d 991, 992 (5th Cir.1975), *cert. denied,* 425 U.S. 938, 96 S.Ct. 1673, 48 L.Ed.2d 180 (1976). *See also United States v. Sullivan,* 421 F.2d 676 (5th Cir.1970). The jury argument of government counsel to which Trujillo takes offense was invited by defense counsel's remark concerning the indictment. It was clearly improper for defense counsel to suggest to the jury that the indictment was insufficient. Any error created by the prosecutor's remark was invited error, not reversible error. *See United States v. Doran,* 564 F.2d 1176, 1177 (5th Cir.1977); *cert. denied,* 435 U.S. 928, 98 S.Ct. 1498, 55 L.Ed.2d 524 (1978); *United States v. Sullivan,* 421 F.2d at 677.

## II.

Appellant also contends that the trial court's refusal to allow defense counsel to argue jury nullification in his closing statement was error. Defense counsel sought to argue that, notwithstanding the law, Trujillo's governmental cooperation in effecting the controlled delivery entitled him to a not guilty verdict.

While a jury does have the power to bring a verdict "in the teeth of both law and facts," *Horning v. District of Columbia,* 254 U.S. 135, 138, 41 S.Ct. 53, 54, 65 L.Ed. 185 (1920), its duty is to apply the law as interpreted and instructed by the court. *United States v. Boardman,* 419 F.2d 110, 116 (1st Cir.1969), *cert. denied,* 397 U.S. 991, 90 S.Ct. 1124, 25 L.Ed.2d 398 (1970). The courts that have considered the question have almost uniformly held that a criminal defendant is not entitled to a jury instruction which points up the existence of that practical power. *Washington v. Watkins,*

---

1. Defense counsel did not challenge the form of the indictment prior to trial. Failure to raise objections based on defects in an indictment prior to trial waives those objections. Fed.R. Crim.P. 12(b)(2); *United States v. Lerma,* 657 F.2d 786, 789–90 (5th Cir.1981), *cert. denied,* 455 U.S. 921, 102 S.Ct. 1279, 71 L.Ed.2d 463

(1982). In fact, a conspiracy indictment and a conspiracy charge to a jury may properly refer to unidentified co-conspirators. *United States v. Booty,* 621 F.2d 1291, 1300 n. 27 (5th Cir. 1980). *See also Rogers v. United States,* 340 U.S. 367, 371, 71 S.Ct. 438, 440, 95 L.Ed. 344 (1951).

655 F.2d 1346, 1374 n. 54 (5th Cir.1981). *See e.g., United States v. Wiley,* 503 F.2d 106, 107 (8th Cir.1974); *United States v. Dougherty,* 473 F.2d 1113, 1130–37 (D.C.Cir. 1972); *United States v. Dellinger,* 472 F.2d 340, 408 (7th Cir.1972), *cert. denied,* 410 U.S. 970, 93 S.Ct. 1443, 35 L.Ed.2d 706 (1973); *United States v. Simpson,* 460 F.2d 515, 519–20 (9th Cir.1972); *United States v. Boardman,* 419 F.2d 110, 116 (1st Cir.1969), *cert. denied,* 397 U.S. 991, 90 S.Ct. 1124, 25 L.Ed.2d 398 (1970); *United States v. Moylan,* 417 F.2d 1002, 1005–09 (4th Cir.1969); *cert. denied,* 397 U.S. 910, 90 S.Ct. 908, 25 L.Ed.2d 91 (1970).

In arguing the law to the jury, counsel is confined to principles that will later be incorporated and charged to the jury. *United States v. Sawyer,* 443 F.2d 712, 714 & n. 11 (D.C.Cir.1971). The jury in this case was properly instructed on their duty to follow the law as stated in the jury instruction. Appellant's jury nullification argument would have encouraged the jurors to ignore the court's instruction and apply the law at their caprice. While we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath.[2] We therefore join with those courts which hold that defense counsel may not argue jury nullification during closing argument. *See e.g., United States v. Dougherty,* 473 F.2d at 1130–37; *United States v. Moylan,* 417 F.2d at 1005–09.

Because we find no error in the trial court's handling of closing argument, we AFFIRM.

---

**2.** Trujillo's contention that his governmental cooperation entitled him to lenity should be addressed to the court at the time of sentencing or in a motion for correction or reduction of sentence pursuant to Fed.R.Crim.P. 35, not argued to the jury.