52 F.3d 339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James WALLING Defendant-Appellant.
 No. 94-1175.
 United States Court of Appeals, Tenth Circuit.
 April 7, 1995.
 
 ORDER AND JUDGMENT[1]
 Before BRORBY, Circuit Judge, and GODBOLD[2] and HOLLOWAY, Jr., Senior Circuit Judges.
 
 
 1
 James Walling appeals his conviction asserting that the district court erred by refusing to give his requested jury instruction. We affirm.
 
 
 2
 Walling was convicted of counterfeiting and was serving 77 months in prison when he escaped. While a fugitive, Walling resumed his work as a counterfeiter. He was arrested by the Secret Service a month after his escape.
 
 
 3
 At his trial for the escape Walling defended his actions by arguing that it was necessary because of threats made towards him. He argued that a prison guard framed him so that it would appear to the other prisoners that he had snitched on his two cellmates. However, Walling stipulated to most of the government's case regarding his escape, so that essentially the only issue became whether Walling had indeed escaped under duress.[3]
 
 
 4
 At trial Walling requested that the following jury instruction be given:
 
 
 5
 It is vitally important that you the jury carefully consider the law as I have given it to you in my instructions. It is your duty to apply the facts to the law and render a verdict. It is also your function to insure that all of your deliberations are guided by your own sense of fundamental fairness and justice. If applying the facts to the law violates your sense of fundamental fairness and justice to the detriment of the defendant, you may find the defendant not guilty, even though the Government has proven its case beyond a reasonable doubt.
 
 
 6
 Vol. I, tab 3. The district court refused to give the instruction on the ground that it is a jury nullification instruction.[4] Walling contends that the proposed instruction is not a jury nullification instruction because "[it] never instructs the jury that they are free to ignore the law." Appellant's Brief-9. He tries to make a distinction between a classic nullification instruction, which "ask[s] a jury to ignore or disregard the law and the tendered instruction which requires the jury to apply the law to the facts unless it would result in an injustice...." Id.
 
 
 7
 It is well established that courts may not instruct juries that they have the power to disregard the law or find the defendant not guilty despite the government's proof of guilt beyond a reasonable doubt. U.S. v. Grismore, 546 F.2d 844, 849 (10th Cir.1976) ("A criminal defendant is not ... entitled to have the jury instructed that they can disregard the law."). Accord U.S. v. Powell, 955 F.2d 1206, 1213 (9th Cir.1991); U.S. v. Kerley, 838 F.2d 932, 937-38 (7th Cir.1988); U.S. v. Anderson, 716 F.2d 446, 450 (7th Cir.1983); U.S. v. Trujillo, 714 F.2d 102, 105-06 (11th Cir.1983). "While we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath." Trujillo, 714 F.2d at 106 (footnote omitted).
 
 
 8
 Regardless of how Walling dresses his proposed instruction, the instruction still notifies the jury that they do not have to apply the law if the outcome is one that they do not desire. Therefore, we AFFIRM the district court's judgment.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable John C. Godbold, Senior United States Circuit Judge for the United States Court of Appeals-Eleventh Circuit, sitting by designation
 
 
 [3]
 One of the elements for the defense of escaping under duress or out of necessity is proof that the fugitive intended to surrender to authorities as soon as he had escaped the immediate danger. The fact that Walling had been a fugitive for a month and during that time had resumed his prior counterfeiting activities strongly suggested that he could not meet his burden of proving this defense
 
 
 [4]
 The court applies "a de novo standard of review to determine the propriety of tendering an individual jury instruction." U.S. v. Sasser, 974 F.2d 1544, 1551 (10th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1063 (1993)