[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10254
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cr-21104-DMM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERICK HINDS,
a.k.a. "E",

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 22, 2011)

Before DUBINA, Chief Judge, WILSON and FAY, Circuit Judges.

PER CURIAM:

Appellant Erick Hinds appeals his convictions and sentences after a jury found him guilty of conspiring to possess with intent to distribute 50 grams or more of crack cocaine and 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846; possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1)(A), 2; possessing with intent to distribute a detectable amount of cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1); and 4 counts of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). On appeal, Hinds argues that the evidence was insufficient to support the jury's findings of guilt on all counts of conviction. He also argues that the district court abused its discretion by denying his motion to sever the felon-in-possession counts from the drug counts. Hinds identifies alleged errors that occurred throughout trial, which considered cumulatively, warrant a new trial. With respect to his sentences, Hinds argues that the district court incorrectly calculated his criminal history score, attributed to him a drug amount based merely on speculation, and unjustifiably relied on the crack-to-powder sentencing disparity.

I.

"We review the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the verdict." *United States v. Thompson*, 473 F.3d

1137, 1142 (11th Cir. 2006).  In reviewing the sufficiency of the evidence, "the issue is not whether a jury reasonably could have acquitted but whether it reasonably could have found guilt beyond a reasonable doubt."  *Id.*  "The jury gets to make any credibility choices, and we will assume that they made them all in the way that supports the verdict."  *Id.*  "Because the jury is free to choose among reasonable constructions of the evidence, the evidence may be sufficient even if it is not entirely inconsistent with conclusions other than guilt."  *United States v. Ndiaye*, 434 F.3d 1270, 1294 (11th Cir. 2006).

In order to sustain a conviction for conspiracy to possess with intent to distribute controlled substances, 21 U.S.C. §§ 841(a)(1), 846, the government must prove that "(1) an illegal agreement existed; (2) the defendant knew of it; and (3) the defendant, with knowledge, voluntarily joined it."  *United States v. Hernandez*, 433 F.3d 1328, 1333 (11th Cir. 2005) (internal quotation marks omitted).  A conspiracy conviction may be proven solely through circumstantial evidence.  *United States v. Miranda*, 425 F.3d 953, 959 (11th Cir. 2005).  Drug quantity does not become an element of a § 841(a)(1) offense unless it is used to sentence the defendant beyond the statutorily prescribed maximum penalty.  *See United States v. Clay*, 376 F.3d 1296, 1301 (11th Cir. 2004).  The statutory maximum penalty for a defendant convicted of cocaine distribution with no prior

3

convictions and no drug quantity finding is 20 years' imprisonment. 21 U.S.C. § 841(b)(1)(C).

To sustain a conviction under 18 U.S.C. § 924(c)(1)(A), the government must prove that (1) during and in relation to a drug-related conspiracy, (2) Hinds possessed a firearm, (3) in furtherance of that conspiracy. *See United States v. Gunn*, 369 F.3d 1229, 1234 (11th Cir. 2004). To show that the possession was "in furtherance," the government must establish that the firearm promoted, advanced, or helped the drug conspiracy. *United States v. Timmons*, 283 F.3d 1246, 1252-53 (11th Cir. 2002). An individual who aids and abets a crime is punishable as a principal. 18 U.S.C. § 2. "To prove guilt under a theory of aiding and abetting, the [g]overnment must prove: (1) the substantive offense was committed by someone; (2) the defendant committed an act which contributed to and furthered the offense; and (3) the defendant intended to aid in its commission." *United States v. Camacho*, 233 F.3d 1308, 1317 (11th Cir. 2000).

To sustain a conviction under § 841(a)(1), the government must prove that the defendant possessed drugs with the intent to distribute them. 425 F.3d at 959. These elements may be proven by either direct or circumstantial evidence. *Id.*

To convict a defendant under 18 U.S.C. § 922(g)(1), the government must prove that: (1) the defendant was a convicted felon; (2) he knowingly possessed a

firearm; and (3) the firearm affected or was in interstate commerce. *United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004). The government may satisfy the possession element by showing that the defendant had either actual or constructive possession of the firearm. *Id.* Constructive possession of contraband in an apartment is established by showing that the defendant had "dominion and control over . . . a residence in which contraband is concealed." *United States v. Morales*, 868 F.2d 1562, 1573 (11th Cir. 1989). With respect to the first element of this offense, the defendant bears the burden of proffering evidence that his conviction no longer remains valid. *United States v. Jackson*, 57 F.3d 1012, 1015-17 (11th Cir. 1995).

We conclude from the record that the evidence was sufficient to convict Hinds on all counts of conviction. A reasonable jury could have concluded that a drug trafficking conspiracy existed at the Gardens Apartments, that Hinds joined and participated in that conspiracy, and, in his role as a lieutenant, supplied his workers with guns and drugs. Because the district court did not sentence Hinds above the statutory maximum penalty, the government did not have to prove drug amounts in order to sustain the conspiracy conviction.

The evidence also established that Hinds aided and abetted members of the conspiracy in the use and carrying of firearms in furtherance of the conspiracy.

One codefendant, Hollis Oliver, testified that Hinds gave him two guns to use while he protected the operation from robbers and police. Officers actually seized these weapons from Oliver, and another codefendant saw Oliver using the weapons. Moreover, Luther Boykin, another codefendant, testified that Hinds gave him guns to distribute to other members of the conspiracy. Because Hinds failed to challenge the form of the indictment prior to trial, we decline to review his argument that the indictment was unduly vague because it failed to mention a specific firearm used in furtherance of the conspiracy. *See United States v. Trujillo*, 714 F.2d 102, 105 n.1 (11th Cir. 1983) (failure to raise objections based on defects in an indictment prior to trial waives those objections).

With respect to Hinds's conviction under § 841(a)(1), the government presented evidence that a confidential informant entered the Gardens Apartments and purchased drugs on November 20, 2007, and Police Detective Carl Baaske identified Hinds's voice on the audio recording of the transaction. Thus, while Hinds is correct that there was no direct evidence establishing that he sold the drugs, the circumstantial evidence, based on Baaske's testimony, the audio tape depicting Hinds's voice, and the transcript of that audio, was sufficient for a reasonable jury to find guilt.

Lastly, because Hinds did not proffer evidence that his prior felony

conviction was no longer valid, and because the jury was free to credit government witnesses who testified that Hinds sold a gun as charged in Count 7, and that a gun was found in his apartment as charged in Count 9, we conclude that there was sufficient evidence to support the jury's finding of guilt on the felon-in-possession counts.  Accordingly, we affirm Hinds's convictions.

## II.

"We will not reverse the denial of a severance motion absent a clear abuse of discretion resulting in compelling prejudice against which the district court could offer no protection."  *United States v. Walser*, 3 F.3d 380, 385 (11th Cir. 1993).  The defendant has the "heavy burden" of establishing that the denial of the motion resulted in "compelling prejudice."  *Id.*

Rule 8(a) permits the joinder of offenses "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed.R.Crim.P. 8(a).  However, even where joinder is permitted, Rule 14 permits relief from prejudicial joinder, including severance of counts, "[i]f the joinder of offenses . . . appears to prejudice a defendant."  Fed.R.Crim.P. 14(a).

We conclude from the record that Hinds has abandoned any claim of error with respect to the initial joinder of the felon-in-possession counts under Rule

8(a). *See United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998) (issues not raised on appeal are deemed abandoned). Moreover, Hinds has failed to meet his heavy burden of establishing that joinder of the felon-in-possession counts resulted in "compelling prejudice" under Rule 14(a) because (1) he entered into a stipulation whereby the jury was prevented from hearing details regarding his prior felony, and (2) the district court instructed the jury to consider the prior felony only with regard to the felon-in-possession counts, to disregard the prior felony with respect to the drug-related counts, and to consider each count separately. Hinds's argument that the government "highlighted" the prior conviction in its closing argument is meritless because the record shows that the government merely referenced the prior conviction in the context of proving the elements for the felon-in-possession counts. Lastly, the fact that the jury acquitted Hinds on Counts 3 and 4 further undermines Hinds's claim of compelling prejudice. Accordingly, we affirm the district court's denial of Hinds's motions to sever.

III.

"[T]he 'cumulative effect' of multiple errors may so prejudice a defendant's right to a fair trial that a new trial is required, even if the errors considered individually are non-reversible." *United States v. Thomas*, 62 F.3d 1332, 1343

(11th Cir. 1995). We address a claim of cumulative error by first considering the validity of each claim individually, and then examining any errors in the aggregate and the trial as a whole to determine whether the appellant was afforded a fundamentally fair trial. *United States v. Calderon*, 127 F.3d 1314, 1333 (11th Cir. 1997). However, where there is no error or only a single error, there can be no cumulative error. *United States v. Waldon*, 363 F.3d 1103, 1110 (11th Cir. 2004).

Accordingly, because the district court did not err in its evidentiary rulings, there is no cumulative error.

IV.

We review a sentence for reasonableness, employing an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). The party challenging the sentence carries the burden of establishing unreasonableness. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). In reviewing the district court's guidelines calculation, we review its findings of fact for clear error and its application of the Guidelines to those facts *de novo*. *United States v. Anderson*, 326 F.3d 1319, 1326 (11th Cir. 2003).

The reasonableness inquiry is a two-step process. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). First, we determine whether the district

9

court committed any significant procedural errors, and then determine whether the sentence is substantively reasonable under the totality of the circumstances. *Id.* Procedural errors at sentencing may include the district court's failure to calculate, or improper calculation of, the guidelines range, treatment of the Guidelines as mandatory, failure to consider the factors in § 3553(a), selection of a sentence based on clearly erroneous facts, or failure to explain the chosen sentence adequately. *Id.*

In order to calculate the base offense level, the district court must determine the quantity of illegal drugs properly attributable to the defendant. *United States v. Frazier*, 89 F.3d 1501, 1506 (11th Cir. 1996). This determination is reviewed only for clear error. *United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005). "For sentencing purposes a member of a drug conspiracy is liable for his own acts and the acts of others in furtherance of the activity that the defendant agreed to undertake and that are reasonably foreseeable in connection with that activity." *United States v. Ismond*, 993 F.2d 1498, 1499 (11th Cir. 1993); U.S.S.G. § 1B1.3(a)(1)(B). "Thus, to determine a defendant's liability for the acts of others, the district court must first make individualized findings concerning the scope of criminal activity undertaken by a particular defendant." *Id.* If the amount of drugs seized does not adequately reflect the scale of the offense, the

court may estimate a quantity from "evidence showing the average frequency and amount" of the defendant's drug sales over time. *Rodriguez*, 398 F.3d at 1296 (internal quotation marks omitted); *see* U.S.S.G. § 2D1.1 comment. (n.12). However, while the defendant's sentence may be based on "fair, accurate, and conservative estimates" of drug quantity, it may not be based on mere speculation. *United States v. Zapata*, 139 F.3d 1355, 1359 (11th Cir. 1998); *see also United States v. Brazel*, 102 F.3d 1120, 1160-61 (11th Cir. 1997). It is the government's burden to establish the quantity of drugs by a preponderance of the evidence. *United States v. Lawrence*, 47 F.3d 1559, 1566 (11th Cir. 1995). However, the court may rely on undisputed statements in the PSI. *United States v. Hedges*, 175 F.3d 1312, 1315 (11th Cir. 1999).

Once we determine that a defendant's sentence is procedurally sound, we review the sentence for substantive reasonableness in light of the record and the § 3553(a) factors. *Talley*, 431 F.3d at 786, 788. "[T]here is a range of reasonable sentences from which the district court may choose" and a sentence within the guidelines range is normally expected to be a reasonable one. *Id.* at 788. We will only remand a sentence if the district court commits "a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Pugh*, 515 F.3d at 1191

11

(internal quotation marks omitted).

By withdrawing his objection to his criminal history score, we conclude that Hinds has waived review of this issue. *See United States v. Masters*, 118 F.3d 1524, 1526 (11th Cir. 1997). However, we agree with Hinds that the drug amount attributable to him was based on speculation because the government unjustifiably used one drug seizure to conclude that the conspiracy involved roughly the same amount of drugs every day for 30 days—a speculative extrapolation that is not supported by any evidence showing such a steady stream of drugs.

We may still affirm Hinds's sentences if the properly identified drugs calculate the same sentence. *Brazel*, 102 F.3d at 1161. However, the properly identified drugs, as contained in the unobjected-to facts in the presentence investigation report, amount to only 1,339.1 kilograms of marijuana, which results in a base offense level of 32. *See* U.S.S.G. § 2D1.1 comment. (n.10(E)). Accordingly, we vacate Hinds's sentences and remand to the district court for resentencing.[1]

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

---

[1] Because we vacate and remand Hinds's sentence based on a procedural error, his argument pertaining to the substantive reasonableness of his sentences is moot.