[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13072
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 9, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00152-WS-M-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY DALE MCCOY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(May 9, 2012)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Larry Dale McCoy appeals his convictions and total fifty-one-month sentence for knowing and willful sale of firearms without making required records, in violation of 18 U.S.C. § 922(b)(5); making false entry in records by a Federal Firearms Licensee, in violation of 18 U.S.C. § 922(m); and sale of a firearm and ammunition to a convicted felon, in violation of 18 U.S.C. § 922(d)(1). First, McCoy argues that he was denied his Sixth Amendment right to an impartial jury. Second, McCoy argues that he was denied his Sixth Amendment right to effective assistance of counsel. Third, McCoy argues that the government failed to prove the charges in the superceding indictment beyond a reasonable doubt. Fourth, McCoy argues that the district court clearly erred in applying a base offense level of twenty, pursuant to U.S.S.G. § 2K2.1(a)(4)(B), for an offense involving both a semiautomatic firearm capable of accepting a large capacity magazine and a conviction under 18 U.S.C. § 922(d). Fifth, McCoy argues that the district court clearly erred in applying a two-level sentence enhancement, pursuant to U.S.S.G. § 2K2.1(b)(1)(A), for an offense involving three to seven firearms. Sixth and finally, McCoy argues that his total fifty-one-month sentence was procedurally and substantively unreasonable.

I.

We review issues first raised on appeal under a plain error standard. United

States v. Chisholm, 73 F.3d 304, 307 (11th Cir. 1996).  However, we are precluded "from reviewing an issue raised on appeal if it has been waived through the doctrine of invited error."  United States v. Brannan, 562 F.3d 1300, 1306 (11th Cir. 2009) (emphasis in original).  The doctrine of invited error applies when a party induces or invites the district court into making an error, particularly where it "is not clear that the defendant was prejudiced thereby."  United States v. Lewis, 524 F.2d 991, 992 (5th Cir. 1975).  We have held that the doctrine of invited error applies to at least some communications with a jury in deliberations.  United States v. Cook, 586 F.2d 572, 578 (5th Cir. 1978) (observing that the defendant could not complain where he approved the court's note to a deadlocked jury urging them to continue deliberations).

Here, McCoy invited any error regarding the court's decision not to further investigate the jury's potential prejudice.  On appeal, McCoy broadly characterizes the issue as whether defense counsel could waive McCoy's right to an impartial jury, but a closer review of McCoy's allegations reveals that the issue here is more limited: whether McCoy's counsel could consent to the court's limited inquiry in determining that the jury was in fact impartial.  Although the record does not detail any communication between McCoy and his counsel on this issue, McCoy's counsel indicated that McCoy consented to dismissing Juror Odom and continuing

3

with eleven jurors. McCoy's counsel then suggested that the court perhaps should proceed without interviewing the remaining jurors in order to avoid emphasizing any extrinsic information, and the government and the court agreed.

Even assuming that McCoy's counsel could not invite any error on this issue, the district court did not plainly err in concluding that the remaining jurors were not unfairly prejudiced by any information potentially shared by Juror Odom. McCoy did not assert this objection during the court's discussion of Juror Odom and, on appeal, McCoy cites no authority establishing that the district court's decision to defer to counsel's wishes and to interview and dismiss only Juror Odom would amount to plain error.

## II.

We generally do not consider ineffective assistance of counsel claims on direct appeal because the record typically is insufficiently developed, especially where the claim was not raised at the district court. See United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002). The Supreme Court has recognized that there may be rare cases "in which trial counsel's ineffectiveness is so apparent from the record" that the issue may be considered on direct appeal. Massaro v. United States, 538 U.S. 500, 508, 123 S. Ct. 1690, 1696 (2003). However, this kind of claim is more appropriately resolved in a habeas corpus proceeding, where

an evidentiary hearing may be held. United States v. Andrews, 953 F.2d 1312, 1327 (11th Cir. 1992).

Here, the record does not indicate that McCoy's counsel was so apparently and exceptionally ineffective as to warrant review on direct appeal. McCoy did not raise below the issue of ineffective assistance of counsel, and there was no opportunity for the district court to develop the factual record for consideration on appeal. We therefore decline to address this issue.

III.

We review de novo a district court's denial of judgment of acquittal on sufficiency of the evidence grounds. United States v. Browne, 505 F.3d 1229, 1253 (11th Cir. 2007). We "must view the evidence in the light most favorable to the government and decide whether a reasonable fact finder could have reached a conclusion of guilt beyond a reasonable doubt." United States v. Herrera, 931 F.2d 761, 762 (11th Cir. 1991). We will not disturb a jury verdict "if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." Id. The "evidence need not be inconsistent with every reasonable hypothesis except guilt, and the jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial." United States v. Hernandez, 896 F.2d 513, 517 (11th

Cir. 1990).

In order to convict McCoy on Counts Three, Seven, and Nine, the government must prove that: (1) McCoy was a federally licensed dealer, (2) who sold a firearm to a person, and (3) failed to keep the required records. 18 U.S.C. § 922(b)(5).

In order to convict McCoy on Counts Four, Eight, and Ten, the government must prove that: (1) McCoy was a federally licensed dealer, (2) who knowingly falsified or knowingly failed to enter or maintain required records. Id. § 922(m).

Finally, in order to convict McCoy on Count Eleven, the government must prove that: (1) McCoy sold a firearm or ammunition, (2) to a person indicted for or convicted of a crime punishable by imprisonment for a term exceeding one year, (3) of which McCoy knew or had reasonable cause to believe. Id. § 922(d)(1).

Here, the district court did not err in denying a judgment of acquittal because the evidence, viewed in the light most favorable to the government, adequately supports each count of conviction. The parties stipulated that McCoy was a federally licensed firearms dealer. Despite McCoy's arguments to the contrary, the testimony at trial established that he was involved in all three transactions that led to his convictions. He personally sold a firearm to Blakely and allowed Henderson to fill out the paperwork in her name; McCoy personally

6

suggested that Smith purchase a firearm and put the paperwork in Tinsley's name; and McCoy explicitly gave approval for Bridges to purchase a firearm and put the paperwork in Frazier's name. These acts are sufficient to support the convictions on Counts Three, Four, Seven, Eight, Nine, and Ten. See id. § 922(b)(5); id. § 922(m); United States v. Nelson, 221 F.3d 1206, 1209 (11th Cir. 2000).

As for Count Eleven, testimony at trial established that Smith told McCoy that Smith probably had an unresolved drug charge. McCoy also knew that Smith's application to purchase a firearm had been denied by the FBI. Knowing this, McCoy still allowed Smith to purchase a firearm. This evidence is adequate to support the conviction on Count Eleven.

IV.

The government bears the burden of establishing by a preponderance of the evidence any facts necessary to support a sentence enhancement. United States v. Askew, 193 F.3d 1181, 1183 (11th Cir. 1999). However, the defendant's failure to object to allegations of fact in a PSI admits those facts for sentencing purposes. United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006). Sentencing errors raised for the first time on appeal are reviewed under a plain error standard. Chisholm, 73 F.3d at 307.

Section 2K2.1(a)(4)(B) of the Guidelines establishes a base offense level of

twenty if: (1) "the offense involved a . . . semiautomatic firearm that is capable of accepting a large capacity magazine" and (2) the defendant "is convicted under 18 U.S.C. § 922(d)." U.S.S.G. § 2K2.1(a)(4)(B). The commentary to this section defines a qualifying firearm as one with an attached "magazine or similar device that could accept more than 15 rounds of ammunition." Id. cmt. 2. Unless otherwise specified, a convicted defendant's guideline range is determined on the basis of all relevant conduct, which includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction . . . ." Id. § 1B1.3(a)(1)(A). In cases where multiple counts are grouped under § 3D1.2(d), relevant conduct includes acts and omissions that were part of the same course of conduct or scheme as the offense of conviction. Id. § 1B1.3(a)(2).

Here, we find no reversible error in the district court's decision to apply a base offense level of twenty under § 2K2.1(a)(4)(B). McCoy was convicted under § 922(d) for the sale to Smith. McCoy did not object to the PSI's facts establishing that he sold at least two other large-magazine firearms in strawman purchases, similar to the Smith purchase. One of these strawman sales resulted in two convictions, which were grouped with the § 922(d) conviction under § 3D1.2 of the Guidelines. McCoy offers no precedent establishing that § 2K2.1(a)(4)(B)

8

requires that the large capacity firearm be the same firearm as the one that forms the basis for the § 922(d) conviction.

## V.

Section 2K2.1(b)(1)(A) of the Guidelines provides that the base offense level is increased by two levels if the offense involved three to seven firearms. U.S.S.G. § 2K2.1(b)(1)(A). As noted above, relevant conduct includes not only the offense of conviction, but "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . during the commission of the offense of conviction . . . ." Id. § 1B1.3(a)(1)(A). Where multiple counts are grouped, conduct includes acts and omissions that were part of the same course of conduct or scheme as the offense of conviction. Id. § 1B1.3(a)(2).

Here, we find no reversible error in the district court's decision to apply a two-level enhancement pursuant to § 2K2.1(b)(1)(A) for an offense involving three to seven firearms. McCoy was convicted for the improper sale of three different firearms, and he has cited no authority to support his viewpoint that these firearms are not relevant to his convictions.

## VI.

We review a defendant's final sentence for reasonableness under an abuse

of discretion standard. United States v. Rodriguez, 628 F.3d 1258, 1262 (11th Cir. 2010). As we explained in United States v. Saac, 632 F.3d 1203, 1212 (11th Cir. 2011), this is a two-step analysis. First, we ensure that the district court committed "no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id.

The § 3553(a) factors include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; and (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to adequately deter criminal conduct. 18 U.S.C. § 3553(a). The court, however, is not required to state on the record that it has explicitly considered each of the factors or to discuss each factor. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

Second, in reviewing a sentence for substantive reasonableness, we examine the totality of the circumstances and determine whether the sentence achieves the sentencing goals in 18 U.S.C. § 3553(a). Saac, 632 F.3d at 1214. The party challenging the sentence bears the burden of demonstrating that the district court abused its discretion by imposing an unreasonable sentence. United States v.

10

Alfaro-Moncada, 607 F.3d 720, 735 (11th Cir. 2010).

Here, McCoy requested that the district court show leniency and impose a sentence at the low-end of the guideline range. As discussed above, the court did not err in calculating the Guideline range. The court expressly stated that it had considered the trial proceedings, the statements of the parties, the Guidelines, and the § 3553 factors. The court noted that McCoy's plea of ignorance was disingenuous and that the number of firearms purchased from McCoy's shop that ended up being used in crimes was "absolutely appalling." Indeed, the high volume of guns sold by McCoy that were later recovered from crime scenes was the impetus for investigating McCoy. We discern no abuse of discretion in the district court's sentence.

AFFIRMED.[1]

---

[1] McCoy's request for oral argument is DENIED.