OPINION
McKEE, Chief Judge.
Bruce Gordon Low appeals from the district court’s judgment of sentence arguing that the district court deprived him of his Sixth Amendment right to counsel by directing him to proceed pro se at his sentencing hearing. He also challenges the resulting sentence on numerous grounds. Although the district court was presented with an obviously vexing set of circumstances and tried to respond appropriately, we nevertheless conclude that the court did not afford Low his Sixth Amendment right to be represented by counsel at sentencing. Accordingly, for the reasons set forth below, we will vacate Low’s sentence and remand for resentencing.
I.
Because we write primarily for the parties, we will recite only the facts and procedural history that are necessary for the disposition of this appeal. Although Low’s change of plea colloquy and guilty plea occurred on September 28, 2006, his sentencing hearing did not occur until October 21, 2008. Four different attorneys represented Low during the lengthy period that began with Low’s guilty plea and ended with his sentencing hearing. Prior to appointing the fourth attorney to represent Low, the court warned Low that it would not appoint another. The court explained:
[TJhree attorneys have already been involved already.... Now, Mr. Low, giving greater respect to your right to counsel can be strained to the point where a Court can consider itself at the end of the line.... I’m going to appoint another counsel.... If you have any dispute with that counsel, he will not be relieved, he’ll be standby counsel and you’ll proceed pro se. There’s a limit to how many lawyers can be assigned to you under the circumstances of this case. So I’m saying very clearly this is the last person who will respond to the motion. If you have a disagreement with him, you argue it yourself pro se, he’ll be standby to assist you.... So I want you to understand that clearly, this is the last lawyer.
S.A. 52-53.
Despite the court’s warning that Low’s fourth attorney would be his last, Low sent *666 a letter asking the district court to remove his fourth attorney from the case and requesting appointment of a fifth attorney. The district court dismissed Low’s fourth attorney as Low requested. However, the court refused to appoint another attorney and ordered Low to proceed pro se at his sentencing hearing, with his fourth attorney serving as standby counsel.
Immediately following the hearing, the government sent a letter to the court stating:
As you know, during yesterday’s proceedings in this case, Your Honor granted the defendant’s mot®n to represent himself at sentencing, and directed Mr. Renner to no longer actively represent the defendant. After that hearing, it belatedly occurred to me that, before sentencing takes place, the Court should conduct a colloquy of the defendant pursuant to Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), in order to insure that his decision to proceed pro se is knowing and voluntary.... I therefor[e] request that you conduct a Faretta colloquy of the defendant before the start of the sentencing hearing.
S.A. 93. In response to the government’s request for a Faretta colloquy, Low wrote a letter to the court objecting to any hearing and to the government’s representation that he had elected to proceed pro se, reiterating that he was forced to do so despite requesting appointment of new counsel.
Low’s sentencing hearing finally proceeded on October 21, 2008, with Low acting pro se and his fourth attorney serving as standby counsel. At sentencing, the district court explained to Low some of the dangers of proceeding pro se and told Low that he had waived his right to counsel by his conduct. However, the court’s explanation did not serve to warn Low of the risks of proceeding pro se because Low was already acting pro se at the time he received this information, and he was not given the opportunity to proceed at sentencing with his fourth attorney acting as counsel. At the conclusion of Low’s sentencing hearing, the district court sentenced Low to 151 months of imprisonment on the drug offense and a concurrent sentence of 120 months of imprisonment on the firearms offense.
II.[1]
Although Low does not contest that the district court properly deemed his conduct sufficiently dilatory to trigger a waiver by conduct, Low argues any such waiver was not valid because the district court failed to warn him of the dangers of proceeding pro se before forcing him to do so, and that his Sixth Amendment right to counsel was thereby violated.
We exercise plenary review over Low’s claim that the district court violated his Sixth Amendment right to counsel “since it is tantamount to a claim of an ineffective waiver of a constitutional right.” United States v. Goldberg, 67 F.3d 1092, 1097 (3d Cir.1995). The Sixth Amendment provides, “In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence.” U.S. Const, amend. VI. “It is well settled that the erroneous deprivation of a criminal defendant’s fundamental right to the assistance of counsel is per se reversible error.” Goldberg, 67 F.3d at 1103.
A waiver of the right to counsel is only valid if it is knowing, voluntary, and intelligent. Id. at 1099. In Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court *667 held that a trial court must warn the defendant of the dangers of proceeding pro se as a constitutional prerequisite to a valid waiver of the right to counsel. Moreover, in United States v. Welty, 674 F.2d 185, 189 (3d Cir.1982), we held that “a defendant’s waiver of counsel can be deemed effective only where the district court judge has made a searching inquiry sufficient to satisfy him that the defendant’s waiver was understanding and voluntary.” Thus, “our decision in Welty mandates that trial courts conduct a Faretta-type inquiry before permitting a defendant who asks to represent himself to do so.” Goldberg, 67 F.3d at 1099.
Although Low did not expressly waive his right to counsel, we have held that “[o]nce a defendant has been warned that he will lose his attorney if he engages in dilatory tactics, any misconduct thereafter may be treated as an implied request to proceed pro se and, thus, as a waiver of the right to counsel.” Id. at 1100. However, a valid waiver by conduct “requires that a defendant be warned about the consequences of his conduct, including the risks of proceeding pro se." Id. at 1101. In Goldberg, we held that there was no valid waiver by conduct because the district court had failed to provide the defendant with a .Faretta[Welty colloquy concerning the risks of proceeding pro se. Id. at 1102-03.
It is undisputed that Low did not receive a FarettafWelty colloquy. The conclusion that naturally flows from our holding in Goldberg is that Low did not validly waive his right to counsel by his conduct. The government argues that, unlike Goldberg where the defendant was forced to proceed pro se at trial, Low was only forced to proceed pro se at sentencing and therefore, a formal colloquy was not required.[2]
The distinction between proceeding pro se at sentencing as opposed to trial “is clearly relevant to the content of the colloquy which the court must have with the defendant. It does not, however, eliminate the need for the district court to make an inquiry sufficient to support a finding that the waiver of counsel is voluntary, knowing and intelligent.” United States v. Salemo, 61 F.3d 214, 219 (3d Cir.1995). “Neither logic nor precedent supports carving out an exception when the waiver occurs at sentencing. Of course, the inquiry at sentencing need only be tailored to that proceeding and the consequences that may flow from it.” Id.
In Salerno, the defendant, who requested to proceed pro se, was allowed to do so at sentencing without receiving a Faretta/Welty colloquy; however, the court assigned him standby counsel. Id. at 222. Despite the assignment of standby counsel at the defendant’s sentencing hearing, we held that the defendant’s Sixth Amendment right to counsel was violated because he did not receive a FarettafWelty colloquy. Id. We reached this holding based on our conclusion that standby counsel at sentencing was not a substitute for a valid waiver of counsel because “it did not satisfy the court’s ‘responsibility of ensuring that any choice of self-representation is *668 made ... with an awareness of the dangers and disadvantages inherent in representing oneself.’ ” Id. (quoting Welty, 674 F.2d at 188).
Similarly, Low received no FarettafWelty colloquy, but he was assigned standby counsel. As we have already held in Sale-mo, in the absence of a FarettafWelty colloquy, a trial court’s assignment of standby counsel to a defendant proceeding pro se does not sufficiently protect a defendant’s Sixth Amendment right to counsel. Moreover, unlike the defendant in Salerno, Low did not request to proceed pro se. Therefore, we hold that the district court violated Low’s Sixth Amendment right to counsel when it forced him to proceed pro se without providing an adequate FarettafWelty colloquy.[3]
III.
Before concluding, it is worth reiterating that we understand that the district court was faced with a vexatious defendant who insisted on dismissing attorney after attorney and who may well have been trying to do little more than “game the system.” Moreover, the record is sufficiently clear that we need not resort to reading between the lines to know that Low’s attorneys were consistently frustrated when dealing with him. Faced with this situation, the district court was quite properly concerned with not allowing Low to sabotage the proceedings or to impose his will on the court by constantly dismissing attorneys and requesting new representation. Nevertheless, it is clear from our precedent, as well as from the Court’s opinion in Faretta, that this will often be the situation when Faretta is implicated. If Low was acting out of bad faith, he is no less entitled to know the perils of his conduct than those who may want to proceed pro se for what they believe to be the best of reasons. Accordingly, we must vacate this sentence and remand for a new sentencing hearing preceded by warnings consistent with Faretta and Welty. If Low then persists in dismissing his attorney, the court may deem that conduct to constitute a waiver of his Sixth Amendment right to counsel.[4]

. We have jurisdiction pursuant to 28 U.S.C. § 1291.

. The government also attempts to rely on Low’s response to the letter the government sent to the court requesting that Low be given a Faretta colloquy. The government claims that Low's response constitutes invited error. The argument is frivolous.
The doctrine of invited error rests on the fact that " '[a] defendant cannot complain on appeal of alleged errors invited or induced by himself.’ ” United States v. Console, 13 F.3d 641, 660 (3d Cir.1993) (quoting United States v. Lewis, 524 F.2d 991, 992 (5th Cir.1975)). Nothing on this record suggests that the court relied on the uncounseled statements of a vexatious defendant in determining how to proceed or what the Sixth Amendment required.

. The government is correct that "we have on occasion looked beyond the District Court’s colloquy to determine whether a defendant understood the charges and sentence.” United States v. Jones, 452 F.3d 223, 232 (3d Cir.2006). However, it is the court’s "usual obligation to conduct a detailed and comprehensive inquiry.” Id. at 233. The government points to Low’s Rule 11 colloquy as evidence that he received some warnings regarding the risks of proceeding pro se. However, his plea hearing occurred almost two years before the court forced Low to proceed pro se. Any warnings given at this time were insufficient, especially since Low never received any formal FarettafWelty colloquy.
The government also points to warnings that the district court gave Low at his sentencing hearing after it had already forced Low to proceed pro se. Clearly, any warnings given after the court ordered Low to proceed pro se were insufficient because warning someone of an event that has already occurred is not actually a warning. Additionally, this post hoc warning defeated the very purpose of the FarettafWelty colloquy which is to warn the defendant about the perils of proceeding pro se and to allow the defendant, after receiving these warnings, to change his/ her mind and proceed with counsel, if s/he so desires. Low should have been warned of the perils of proceeding pro se when his fourth attorney was appointed and the court warned him of the possibility of a waiver.

. Since we are remanding for a new sentencing hearing, we need not address Low's claims of sentencing errors.