**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2841
_____

UNITED STATES OF AMERICA

v.

BRUCE GORDON LOW, JR.,
                                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 06-cr-00791-001)
District Judge:  Honorable Joseph H. Rodriguez
_____

Submitted Under Third Circuit LAR 34.1(a)
March 21, 2013
_____

Before: FUENTES, CHAGARES and BARRY, Circuit Judges

(Opinion Filed: April 23, 2013)
_____

OPINION
_____

BARRY, Circuit Judge

     Appellant Bruce Gordon Low, Jr. was sentenced to 120 months' imprisonment

following our remand for resentencing.  He appeals.  Counsel has filed a motion to

1

withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no nonfrivolous issues for appeal. We will affirm and grant counsel's motion to withdraw.

## I.

Low was charged in a two-count information with unlawful possession with intent to distribute 50 grams of crack cocaine (Count I), and possession of a firearm after having been convicted of a felony (Count II). On September 28, 2006, he pled guilty to both counts.

Over the course of the next two years, Low was represented by four separate attorneys before proceeding *pro se* at his sentencing hearing on October 21, 2008.[1] The District Court sentenced Low to a term of imprisonment of 151 months on the first count and 120 months on the second count to run concurrently. On appeal, we held that the District Court had violated Low's Sixth Amendment right to counsel because "it forced him to proceed *pro se* without providing an adequate *Faretta/Welty* colloquy." *United States v. Low*, 401 F. App'x 664, 668 (3d Cir. 2010). We remanded for resentencing.

For Low's resentencing, the probation office revised its presentence report and calculated his total offense level to be 31, which represented an adjusted offense level of 34 less 3 points for acceptance of responsibility, and his criminal history category to be a

---

[1] The District Court did assign his fourth attorney, John F. Renner, Esq., to act as standby counsel. The same attorney represented him at his second sentencing hearing and currently represents him on appeal.

III.  The result was a sentencing guideline range of 135 to 168 months.

At his resentencing, Low, represented by Mr. Renner, asked the District Court to vary downward, based principally upon his extensive post-conviction rehabilitation.[2]  The District Court agreed, granting a 15-month downward variance and sentencing Low to a term of imprisonment of 120 months on each count to be served concurrently.  This appeal followed.

## II.[3]

Under *Anders*, if court-appointed appellate counsel determines there are no nonfrivolous issues for appeal, he or she may seek to withdraw from representing an indigent criminal defendant.  *United States v. Marvin*, 211 F.3d 778, 779 (3d Cir. 2000).  Our review is plenary over whether there are any nonfrivolous issues for appeal.  *See Simon v. Gov't of the Virgin Islands*, 679 F.3d 109, 114 (3d Cir. 2012) (citing *Penson v. Ohio*, 488 U.S. 75, 80 (1988)).  We must consider: "1) whether counsel adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a), and 2) whether an independent review of the record presents any nonfrivolous issues."  *Id.* at 114.

To satisfy the first step, counsel must conclude that there are no nonfrivolous issues for appeal after reviewing the record, advise us of his or her conclusions, and

---

[2] In addition, Low asked the District Court to downward depart to a lower criminal history category and to vary from the 18:1 crack/powder ratio established by the Fair Sentencing Act of 2010 ("FSA").  The District Court denied Low's requests, and Low does not appeal the denials.

[3] The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231.  We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

request permission to withdraw. *United States v. Youla*, 241 F.3d 296, 299-300 (3d Cir. 2001). Moreover, counsel must submit a "brief referring to anything in the record that might arguably support the appeal," and explain why the issues appellant wishes to raise on appeal are frivolous. *Anders*, 386 U.S. at 744; *see Marvin*, 211 F.3d at 780-81. "[W]hat is required is a determination that the appeal lacks any basis in law or fact." *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 438 n.10 (1988); *see Youla*, 241 F.3d at 300-01.

At the second step, we conduct an independent review of the record to assess whether it presents any nonfrivolous issues. *See Youla*, 241 F.3d at 300. "Where the *Anders* brief initially appears adequate on its face, the proper course is for the appellate court to be guided in reviewing the record by the *Anders* brief itself." *Id.* at 301 (internal quotation marks and citation omitted). However, "'in those cases in which frivolousness is patent,' we will not appoint new counsel even if an *Anders* brief is insufficient to discharge current counsel's obligations to his or her client and this court." *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009) (quoting *Marvin*, 211 F.3d at 781). We also, of course, consider an appellant's *pro se* filings. If we determine that the appeal is without merit, we must grant appellate counsel's motion to withdraw and dispose of the appeal without appointing new counsel.

Low's counsel contends that there are no nonfrivolous issues for review on appeal. However, he fails to address the issues raised by Low in his *pro se* brief, which gives us

4

some pause as to whether counsel has satisfied his obligation to conduct a "conscientious examination" of the record. *Anders*, 386 U.S. at 744. Thus, we must decide whether Low's appeal is patently frivolous despite the *Anders* brief that has been submitted. *See Marvin*, 211 F.3d at 781 (finding *Anders* brief deficient in part because counsel failed to address whether client's *pro se* arguments lacked merit).

The arguments Low raises in his *pro se* brief are plainly without merit. First, Low contends that the District Court violated the prohibition against *ex post facto* laws when it employed the 2010 Sentencing Guidelines Manual and Supplement. Pursuant to the FSA, the 2010 Supplement eliminated the two-level offense level reduction for which Low had previously qualified under the 2008 Manual.[4] Generally, a district court must use the Guidelines Manual and its amendments in effect on the date of sentencing, unless the court determines that such use would violate the *ex post facto* clause of the Constitution. U.S. Sentencing Guidelines Manual § 1B1.11; *see also United States v. Larkin*, 629 F.3d 177, 193 (3d Cir. 2010) ("Where an amendment to a section of the sentencing guidelines occurs following the convicted offense conduct and the amendment results in harsher penalties than were in effect at the time of the conduct, the *ex post facto* clause . . . require[s] the District Court to apply the sentencing guidelines in effect on the date that the offense of conviction was committed.").

---

[4] The two-level reduction was generally applicable in cases in which the drug offense involved crack and one or more controlled substances. U.S. Sentencing Guidelines Manual § 2D1.1, app. n.10(D)(i) (2008). Thus, in Low's case his base offense level for

Under both the 2008 and 2010 guidelines, Low's base offense level was calculated to be 32 pursuant to the guideline for drug offenses. While the 2008 Manual included a two-level reduction for drug offenses involving crack cocaine as well as other controlled substances, it also had a higher marijuana conversion for crack cocaine. The 2010 Supplement lowered the marijuana conversion for crack cocaine and eliminated the two-level reduction, but after completing all appropriate drug conversions and adding the drug quantities, Low's base offense level remained at 32. *See* U.S. Sentencing Guidelines Supp. 1-26 (effective Nov. 1, 2010). Because application of the 2010 Supplement did not result in a harsher penalty, no *ex post facto* concerns are present in this case.[5]

Second, Low argues that the elimination of the two-level reduction was a substantive amendment to the guidelines, and should not have had retroactive application at his re-sentencing. In *United States v. Marmolejos*, we recognized "the established principle that a *post-sentencing amendment* to a sentencing guideline or its comments

---

the quantity of combined drugs under the 2008 Manual was 34, but it was reduced to 32 pursuant to the two-level reduction.

[5] Low also maintains that the District Court should have treated the "one-book rule" as advisory and should have applied both the two-level reduction from the 2008 guidelines as well as the lower marijuana conversion from the 2010 supplement because otherwise the end result of his guideline calculation remaining the same before and after the enactment of the FSA "is fundamentally unfair." Low's Brief 5. Under the guidelines, a district court must apply the "Guidelines Manual in effect on a particular date . . . in its *entirety*." U.S. Sentencing Guidelines Manual § 1B1.11(b)(2) (emphasis added); *see also United States v. Saferstein*, 673 F.3d 237, 243 (3d Cir. 2012). Thus, contrary to Low's contention, the District Court could not apply provisions of the 2008 guidelines in conjunction with the 2010 Supplement to the guidelines, but had to apply the entire guidelines manual in effect at the time of Low's resentencing. In this case, as there were

should be given effect if it 'clarifies' *the guideline or comment in place at the time of sentencing*," while also noting that if an "amendment effects a substantive change in the law, the defendant does not reap the benefit of the new provision." 140 F.3d 488, 490 (3d Cir. 1998) (emphasis added). Therefore, if a post-sentencing amendment "clarifies" a guideline, the remedy would be a remand to give the district court an opportunity to consider the amendment. Here, the 2010 Supplement, which eliminated the two-point reduction, went into effect before Low's resentencing and the District Court considered the elimination as part of Low's policy argument against the 18:1 crack/powder ratio. Thus, there simply is no post-sentencing amendment for us to consider, much less whether to apply it retroactively to Low's new sentence on appeal.

Lastly, Low argues that the District Court never acknowledged the advisory role of the guidelines post-*Booker*, and treated the "one-book rule" as mandatory. *See United States v. Booker*, 543 U.S. 220 (2005). As previously discussed, the District Court was required to apply the 2010 Guidelines Manual in its entirety, so long as there were no *ex post facto* concerns. Additionally, the District Court appropriately followed the dictates of *Booker* and the sentencing procedures outlined us in resentencing Low. Specifically, the District Court correctly calculated Low's applicable guidelines range, noted the mandatory minimum for the drug offense, ruled upon all motions for departure, and "'after giving both parties an opportunity to argue for whatever sentence they deem[ed]

no *ex post facto* concerns, the 2010 Guidelines Manual and Supplement that was in effect at Low's resentencing, was properly applied in its entirety.

appropriate,' the court . . . 'exercise[d] its discretion' through 'meaningful consideration [of] the § 3553(a) factors' before deciding on a sentence." *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010) (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007); *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006)). Furthermore, the District Court exercised its discretion in varying 15 months below the applicable guidelines range and selected a sentence that "falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008). Accordingly, a review of the record demonstrates there are no nonfrivolous issues with regard to the procedural or substantive reasonableness of Low's new sentence.

## IV.

For the foregoing reasons, we will affirm the judgment of sentence and grant counsel's motion to withdraw. We also find, pursuant to Third Circuit L.A.R. 109.2(b), that the issues presented in this appeal lack legal merit for the purposes of counsel filing a petition for a writ of certiorari in the Supreme Court of the United States.